McDERMOTT v McDERMOTT

Docket No. 77-2874. Submitted February 23, 1978, at Detroit.—Decided June 6, 1978.

Patricia McDermott commenced a divorce action against John P. McDermott. The divorce was granted, Monroe Circuit Court, William J. Weipert, Jr., J. The property settlement in the divorce judgment awarded the marital home to the plaintiff wife and awarded $4,000 to the husband as his share of the equity in the house, payable by the plaintiff on the date that the house is sold or when the youngest of 3 minor children, in the custody of the wife, reaches the age of majority, whichever occurs first. The $4,000 figure was reached by granting the husband 1/2 of the difference between the purchase price and the outstanding amount on the mortgage. The defendant appeals contending that the trial judge abused his discretion because he did not consider the appreciation of the house and that he should have valued it at the present market value. *Held:*

The award as granted is not equitable to both parties. Not only will the defendant not be able to share in the past appreciation of the house, but he is obligated to wait to receive the sum awarded with no chance of sharing in future appreciation or of getting any interest on his award.

Remanded for further proceedings.

Bᴇᴀꜱʟᴇʏ, P. J., dissented. He would hold that there has been no showing of an abuse of the trial court's discretion and would affirm.

OᴘɪɴɪᴏN ᴏꜰ ᴛʜᴇ Cᴏᴜʀᴛ

1. Dɪᴠᴏʀᴄᴇ—Pʀᴏᴘᴇʀᴛʏ Sᴇᴛᴛʟᴇᴍᴇɴᴛ—Dɪꜱᴄʀᴇᴛɪᴏɴ—Fᴀɪʀɴᴇꜱꜱ.

The division of property in a divorce case is a matter for the discretion of the trial court and there are no set mathematical rules or formulas to be applied in every case; however, while the amounts awarded need not meet any numerical standard,

Rᴇꜰᴇʀᴇɴᴄᴇꜱ ꜰᴏʀ Pᴏɪɴᴛꜱ ɪɴ Hᴇᴀᴅɴᴏᴛᴇꜱ
[1] 24 Am Jur 2d, Divorce and Separation § 933.
[2] 5 Am Jur 2d, Appeal and Error § 868.

they must be fair in light of the overall circumstances of the parties.

DISSENT BY BEASLEY, P. J.

2. DIVORCE—APPEAL AND ERROR—DE NOVO REVIEW—DISCRETION.
    *The Court of Appeals reviews divorce cases* de novo *on the record; however, the court should not substitute its judgment for that of the trial court absent a showing of an abuse of discretion.*

*Ready, Sullivan & Ready,* for plaintiff.

*Leslie J. Nearpass,* for defendant.

Before: BEASLEY, P. J., and BASHARA and D. C. RILEY, JJ.

D. C. RILEY, J. The present matter involves a property division in a judgment of divorce. The defendant-husband argues that the amount awarded to him as his share of the equity in the family residence is inadequate and inequitable.

The marital home was purchased in 1971 for $31,800. At the time of the divorce (1976), there was a mortgage balance on the house of approximately $24,000. An expert witness testified that the market value of the house at the time of the divorce was approximately $52,500.

The court awarded the house to plaintiff-wife, along with the obligation to pay the mortgage, taxes, insurance, and maintenance expenses on the home. Defendant was awarded $4,000 as his share of the equity, payable by plaintiff on the date that the house is sold or when the youngest of 3 minor children reaches the age of majority, whichever occurs first.

Defendant asserts that the court reached the $4,000 amount by figuring approximately 1/2 of the difference between the purchase price and the outstanding mortgage. He contends that this calculation was an abuse of discretion because it did not take into account the appreciation of the house by way of the present market value.

We agree with Judge Beasley's dissent that the division of property in a divorce case is a matter for the discretion of the trial court and that there are no set mathematical rules or formulas to be applied in every case. However, while the amounts awarded need not meet any numerical standard, they must be fair in light of the overall financial circumstances of the parties.[1]

We are troubled by the court's finding in regard to the marital residence for the reason that the defendant not only will not share in the appreciation of the house from the original purchase date to the date of the property settlement, he will also be obliged to wait for the lesser sum set by the court until the eventual date of sale. He will share neither in the appreciation that will continue nor will his award bear interest. Absent any unusual circumstances, we do not feel that the award as granted is equitable to both parties.[2]

Accordingly, we remand the matter to the trial court to review its property division and to advise this Court as to the basis for its determination on the record. GCR 1963, 517.1. The trial court should not be foreclosed from conducting another hearing

---

[1] *Crane v Crane,* 17 Mich App 588; 170 NW2d 194 (1960).

[2] An unequal distribution of a marital asset can clearly be supported by a finding of fault on the part of either party. In the present case, the court's finding in regard to the division of the marital home does not expressly rely on a finding of fault. For that reason, our decision presumes that the court meant to make fair and equitable division of the asset.

or making additional findings of fact and determinations that it may deem advisable.

Remanded for proceedings consistent with this opinion. We retain jurisdiction.

Bashara, J., concurred.

Beasley, J. *(dissenting)*. I respectfully dissent.

On June 18, 1975, plaintiff-wife started a divorce case against defendant-husband. On May 26, 1976, plaintiff-wife was awarded a divorce judgment which included a provision placing custody of the parties' three minor children in her and requiring defendant-husband to pay child support. Plaintiff-wife was awarded the marital home and was required to pay defendant-husband $4,000 when the youngest child reached majority or when the premises were sold, whichever occurred first.

Defendant-husband appeals as a matter of right, claiming the property settlement was so inequitable as to constitute an abuse of discretion. He also claims that the trial court erred in calculating defendant-husband's share by deducting the mortgage balance from the cost of the home at the time of purchase, dividing that figure in half and deferring payment until the children were grown or the premises sold. He contends that the trial court should have calculated defendant-husband's share by deducting the mortgage balance from the market value of the home at the time of the divorce judgment and dividing that figure in half.

The issue was raised by defendant-husband in a motion before the trial court for an amendment of the judgment.[1] The motion was denied, the trial court stating simply:

[1] GCR 1963, 527; GCR 1963, 528.3.

"The Court must agree with the position here of the original Plaintiff. This case was tried on April 8, 1976. It is now the 17th of June, 1977. To the extent that the Court can recollect this at all, it appears to me that the Ruling made was that intended. Motion denied."

Although this court reviews divorce cases *de novo* on the record,[2] it will not substitute its judgment for that of the trial court absent a showing of an abuse of discretion.[3] There are no set mathematical formulas or simple rules governing the division of property in a divorce case.[4] This Court looks to see if the property award is fair and equitable under all the circumstances involved.[5]

The trial judge stated his reason for using the cost of purchase minus mortgage balance method of calculation in the within case as follows:

"The best interests of the children indicate that the home should be theirs to enjoy during their growing-up period; and, in fact, it is agreed by the parties. The home is awarded to the mother. There is presently calculated from the purchase price of thirty-one thousand eight hundred dollars and the lien remaining, mortgage lien of twenty-four thousand fifty dollars, an equity of seven thousand seven hundred fifty dollars. In view of the large amount still owing which will have to be paid by Mrs. McDermott unless the house should be sold before the time of division, it appears proper to simply award Mr. McDermott, and I will award him, the sum of four thousand dollars in equity to be paid at such time as the home is sold, if sold earlier than the children's majority or at that time, and a lien in his favor in that amount."

While application of this method may have re-

---

[2] *Eigner v Eigner,* 79 Mich App 189, 201; 261 NW2d 254 (1977), *Bahr v Bahr,* 60 Mich App 354, 360; 230 NW2d 430 (1975).

[3] *Kurtz v Kurtz,* 34 Mich App 34; 190 NW2d 689 (1971).

[4] *Johnson v Johnson,* 346 Mich 418; 78 NW2d 216 (1956).

[5] *Crane v Crane,* 17 Mich App 588; 170 NW2d 194 (1969).

sulted in some disparity in shares of marital prop-
erty when measured by present inflated valua-
tions, this does not necessarily indicate that there
was an abuse of discretion by the trial court.[6]

I would not find that the considerations afforded
weight by the trial court were clearly erroneous or
constituted an abuse of discretion and, therefore, I
would vote to affirm.

[6] *Johnson v Johnson, supra,* at 431.