NIELSEN v NIELSEN

Docket No. 105466. Submitted July 20, 1989, at Grand Rapids. Decided August 22, 1989. Leave to appeal applied for.

Erma M. Nielsen sought and obtained in 1987 a divorce from Don O. Nielsen in the Mason Circuit Court, Richard I. Cooper, J. The parties were married in 1983, but had lived together since 1968 holding themselves out as husband and wife. Defendant appealed, claiming that the trial court, in dividing the marital property, had improperly considered the period of unmarried cohabitation.

The Court of Appeals *held:*

The trial court did not abuse its discretion in equitably dividing the parties' marital property. The Court of Appeals is not convinced that it would have reached a different result had it occupied the trial court's position.

Affirmed.

1. DIVORCE — PROPERTY DIVISION.

The division of marital property in a divorce case is committed to the sound discretion of the trial court.

2. DIVORCE — PROPERTY DIVISION — APPEAL.

The Court of Appeals reviews property settlements in divorce cases de novo on the record, but will not reverse or modify a property division unless it is convinced that it would have reached another result had it occupied the position of the trial court.

3. DIVORCE — PROPERTY DIVISION.

The objective of a property settlement is to reach a fair and equitable division in light of all the circumstances; to reach an equitable division of property, a trial court should consider the duration of the marriage, the contribution of each party to the marital estate, each party's station in life, each party's earning

REFERENCES

Am Jur 2d, Appeal and Error § 868; Divorce and Separation §§ 817 *et seq.,* 864 *et seq.*

Divorce: excessiveness or adequacy of trial court's property award— modern cases. 56 ALR4th 12.

ability, each party's needs, fault or past misconduct, and any other equitable circumstances.

*Keleher & Brunner* (by *Thomas N. Brunner*), for plaintiff.

*John W. Claire,* and *Paul R. Spaniola,* of Counsel, for defendant.

Before: DANHOF, C.J., and CYNAR and WEAVER, JJ.

PER CURIAM. Defendant appeals as of right from the property settlement provisions of a Mason Circuit Court judgment of divorce. We affirm.

The parties began living together in 1968 and were married on June 15, 1983. They were separated on February 25, 1986. At the time of the trial, plaintiff was sixty-nine years old and defendant was seventy-two years old.

Defendant's only claim on appeal is that the lower court erred in considering the parties' period of unmarried cohabitation when dividing the parties' property. The court found that the parties had a long-term relationship based on evidence that, since 1968, the parties held themselves out as husband and wife, and plaintiff essentially ran defendant's motel. Defendant ran his used car business. The lower court divided the parties' property according to what the court considered to be the equitable interest due each party with regard to particular items.

The division of marital property is committed to the sound discretion of the trial court. *Spooner v Spooner,* 175 Mich App 169, 172; 437 NW2d 346 (1989). This Court reviews property settlements de novo on the record. However, we will not reverse or modify the property division unless we are convinced that we would have reached another

result if we had occupied the trial court's position. *Perrin v Perrin,* 169 Mich App 18, 22; 425 NW2d 494 (1988).

The trial court has great discretion in the adjustment of property rights upon divorce. The objective in arriving at a property settlement is to reach a fair and equitable division in light of all the circumstances. There are no set mathematical formulas governing a division of property. *Vance v Vance,* 159 Mich App 381, 385-386; 406 NW2d 497 (1987), lv den 429 Mich 870 (1987); *Bone v Bone,* 148 Mich App 834, 838; 385 NW2d 706 (1986). The division does not have to be equal, but it must be equitable. *Christofferson v Christofferson,* 363 Mich 421, 426; 109 NW2d 848 (1961). To reach an equitable division of property, the trial court should consider the duration of the marriage, each party's contribution to the marital estate, each party's station in life and earning ability, each party's needs, fault or past misconduct, and other equitable circumstances. *Spooner, supra,* p 172; *Vance, supra,* p 386; *Parrish v Parrish,* 138 Mich App 546, 558; 361 NW2d 366 (1984).

Defendant argues that he and plaintiff had a short-term marriage and that this Court should divide their property so as to place them at approximately the same positions which they occupied prior to their marriage. We do not favor this approach to a property settlement. See *Bone, supra,* p 837. We are unpersuaded by defendant's argument because it fails to take into account all of the factors which are relevant to the equitable division of the parties' property. Defendant also argues that if we affirm the lower court's decision, then we will condone unmarried cohabitation, reinstitute common-law marriage, and undermine the integrity of the institution of marriage. We find no merit in this argument. Defendant's reli-

ance on cases involving unmarried parties is misplaced. Here, the parties were married.

After considering all of the circumstances which are relevant to the equitable division of the parties' property, we find that the trial court did not abuse its discretion. We are not convinced that we would have reached a different result if we had occupied the trial court's position.

Affirmed.