## KNOWLES v KNOWLES

Docket No. 112361. Submitted January 3, 1990, at Grand Rapids. Decided September 17, 1990.

Plaintiff, Carol A. Knowles, and defendant, Gary L. Knowles, were divorced by order of the Kent Circuit Court, Robert A. Benson, J. As part of the divorce judgment, plaintiff was awarded alimony and approximately sixty-nine percent of the marital assets. Defendant appealed, challenging the propriety of those awards.

The Court of Appeals *held:*

1. The court did not abuse its discretion in making the alimony award. The award was proper.

2. The court erred in making a disparate property division on the basis of a finding of fault on defendant's part for conduct which occurred subsequent to the breakdown of the marriage relationship while overlooking similar conduct on the part of plaintiff which had occurred at an earlier time. The matter is remanded to the trial court for equitable distribution of the marital assets.

Affirmed in part, reversed in part, and remanded.

BRENNAN, P.J., dissented with respect to the majority's finding that the court erred in its property division. He would find that the record as a whole adequately justifies the trial court's property division. He would affirm.

1. DIVORCE — ALIMONY.

Ability to pay alimony includes the unexercised ability to earn if income is voluntarily reduced to avoid paying alimony.

2. DIVORCE — EVIDENCE — STANDARDS OF MORALITY — EXTRAMARITAL AFFAIRS.

It is improper for a trial court in a divorce action to hold the parties to a standard of morality or behavior appropriate for marital partners; thus, evidence of one party's extramarital affair which occurred after the breakdown of the marital

REFERENCES

Am Jur 2d, Divorce and Separation §§ 642, 659, 660, 927.
Divorce: equitable distribution doctrine. 41 ALR4th 481.

relationship and after the complaint for divorce was filed would be irrelevant.

*Saukas & Idema, P.C.* (by *Kenneth T. Saukas*), for plaintiff.

*The Law Offices of Timothy J. Conroy* (by *Michael A. Liquigli*), for defendant.

Before: BRENNAN, P.J., and MICHAEL J. KELLY and CYNAR, JJ.

MICHAEL J. KELLY, J. Defendant-appellant appeals as of right two provisions of a judgment of divorce entered on September 3, 1988, by the Kent Circuit Court. We affirm in part and reverse in part.

I

The first issue is whether the trial court's award of alimony was proper. We find that it was. The award of alimony is discretionary. *Pelton v Pelton,* 167 Mich App 22; 421 NW2d 560 (1988). It is to be based on what is just and reasonable under the circumstances. *Ackerman v Ackerman,* 163 Mich App 796; 414 NW2d 919 (1987). We reject defendant's argument that the trial court's consideration of the parties' ability to work was not supported by the evidence. Ability to pay alimony includes the unexercised ability to earn if income is voluntarily reduced to avoid paying alimony. *Healy v Healy,* 175 Mich App 187; 437 NW2d 355 (1989). This Court will not substitute its judgment for that of the trial court in a decision to award alimony unless there was an abuse of discretion or this Court is convinced it would have reached a different result. *Kurz v Kurz,* 178 Mich App 284; 443 NW2d 782 (1989). We find no abuse of discretion in the alimony award.

II

The second issue is whether the proffered settlement award was fair and just in light of the evidence and the trial court's findings of fact. We find that the trial court's disparate property division was error. We are left with a definite and firm conviction that a mistake has been made.

At oral arguments the parties agreed that the property division was divided seventy percent to plaintiff wife and thirty percent to defendant husband. The only possible justification for such a marked disparity would be a well-grounded finding of fault. Since the trial court found fault arising out of conduct which occurred subsequent to the breakdown of the marriage relationship, that finding is erroneous as it is *post hoc, ergo propter hoc* —the obvious fallacy of finding causation from consequence.

The trial court awarded defendant husband the inheritance from his mother which occurred after the divorce was started. *Charlton v Charlton*, 397 Mich 84; 243 NW2d 261 (1976). The court then stated it was finding fault and divided the marital assets, $109,951.75 to the plaintiff wife, $49,451.75 to the defendant-husband (sixty-nine percent to thirty-one percent).[1] Instead of exercising its discretion to independently apportion the assets, the court accepted the proposed division submitted by plaintiff's attorney and described it as "fairest under the circumstances."[2] The only explanation for this division was the court's statement that it was based upon defendant's "relative fault."

---

[1] Counsel at oral argument in this Court described the division as seventy/thirty.

[2] *Query:* Does such a methodology indicate a process of choice between alternative proposals as in baseball arbitration? Here the record is unenlightening. However, such a process would undoubtedly be a lightning rod for appellate scrutiny.

The only "relative fault" we find in this record was amplified as follows:

> *The Court:* The Court doesn't often consider fault, but in this case I did. I think there is sufficient evidence here of a relatively recent affair with a lady in California. Now, I understand Mr. Knowles' contention, but again, I didn't particularly find his evidence to be entirely credible. I did have the name on the resume and the fact he went out there, the Court is convinced that there was some, if I can use the word "sneaking around," to go out there because of a purported trip to visit his brother and then we have instead of a trip to California, the flowers, and the other evidence I have has convinced me here that that is one of the things which led directly to the breakdown of the marriage, and the Court did consider fault as a factor in arriving at the property settlement.
>
> The Court is also aware that Mrs. Knowles admitted to an affair back sometime, but apparently that affair occurred at a time when the parties were separated and apparently at that time divorce proceedings were pending, if I recall from my notes, which I reviewed last night, so I did consider relative fault in breaking up the assets.

The record indicates that the trip to California which evidenced the "relatively recent affair" took place four months after the filing of the complaint for divorce. We believe it was improper for the trial court to hold divorcing parties to a standard of morality or behavior appropriate for marital partners. The court seemed to reverse the so-called double standard attributed to earlier generations. In any event the court employed a standard known only to itself that a "relatively recent affair" constituted fault to be assessed against defendant husband while an affair "back some

time" involving plaintiff wife was discounted. This is neither equitable nor appropriate. Furthermore, we do not think the evidence of defendant's "recent affair" was relevant since it took place after the breakdown of the marital relationship and after the plaintiff had filed her complaint for divorce. It is inappropriate to assess such conduct as a cause rather than an effect without a clear revelation of the trial court's reasoning and record support indicating facts on which it relied.

We reverse as to the property division and remand for equitable distribution of the marital assets, which means roughly congruence. *McDermott v McDermott,* 84 Mich App 39; 269 NW2d 299 (1978). Any significant departure from that goal should be supported by a clear exposition of the trial court's rationale.

We affirm the judgment of divorce.[3]

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

CYNAR, J., concurred.

BRENNAN, P.J. *(dissenting).* I adopt the findings and decision of this Court's majority which affirmed the trial court's alimony award.

The defendant contends that the property division contained in the judgment constituted an abuse of discretion by the trial court. I disagree. I acknowledge that the trip to California by defendant occurred after the divorce was in progress. This fact is principally relied on by the majority opinion. The trial court was somewhat limited in its allocution on the record reciting only the California sojourn to support its opinion. However,

---

[3] Bifurcation is agreeable to both parties.

there was ample further evidence in the record to justify the disparity in the awards.

While the trial judge emphasized the fault of the defendant, the record as a whole adequately justifies other equitable considerations. The defendant husband's future earning potential far surpasses that of the plaintiff. In addition, a substantial portion of the plaintiff's award consisted of the marital home, which will allow her greater ability to rear her daughter, of whom she was awarded custody. More importantly, the total evidence supports a finding that the defendant's "affair" predates the filing for divorce by more than a year. Thus, the conduct by the defendant clearly contributed to the breakup of the marriage.

I do not find that the trial judge abused his discretion. I would affirm.