THAMES v THAMES

Docket No. 132389. Submitted June 4, 1991, at Detroit. Decided September 16, 1991, at 9:45 A.M. Leave to appeal denied, 439 Mich 897.

Woudnesh E. Thames brought an action in the Oakland Circuit Court against Harold O. Thames, seeking a divorce. The court, Steven N. Andrews, J., granted the judgment, awarding the plaintiff custody of the parties' minor child, rehabilitative alimony for three years, and all the marital assets except the defendant's pension and three automobiles. The defendant was ordered to pay $13,000 of the plaintiff's attorney fees and to pay $5,420 directly to her. The defendant appealed.

The Court of Appeals *held:*

1. The court did not clearly err or abuse its discretion in determining that the defendant, in anticipation of the divorce, established an irrevocable trust for the benefit of the parties' minor child and that the corpus of the trust was an asset of the marital estate subject to division between the parties.

2. The trial court correctly determined that the plaintiff could waive the child's social worker-client privilege and that the social worker could testify as an expert witness.

3. The trial court also was correct in its determinations regarding visitation, child support, alimony, the division of the marital property, that the defendant must pay $13,000 of the plaintiff's attorney fees, that the defendant was substantially more at fault than the plaintiff for the breakdown of the marriage, and that the plaintiff was credible.

4. The court erred in failing to find whether an established custodial environment existed. Review de novo by the Court of Appeals found no established custodial environment. The trial court's findings regarding the statutory factors for determining

REFERENCES

Am Jur 2d, Divorce and Separation §§ 896, 951, 974; Witnesses § 296.

Admissibility of social worker's expert testimony on child custody. 1 ALR4th 837.

Propriety of consideration of, and disposition as to, third persons' property claims in divorce litigation. 63 ALR3d 373.

the best interests of the child were not against the great weight of the evidence, an abuse of discretion, or clear legal error. The award of custody to the plaintiff was proper.

Affirmed.

1. DIVORCE — MARITAL ESTATE — TRUSTS — THIRD PARTIES.

An exception to the general rule that a court has no authority to adjudicate the rights of third parties in divorce actions exists where one spouse has deprived the other of an interest in the marital estate by transferring marital property into a trust for the benefit of a third party.

2. EVIDENCE — CHILD CUSTODY — SOCIAL WORKER-CLIENT PRIVILEGE — WAIVER.

A joint custodian of a child is a person authorized to act in the child's behalf who may waive the child's social worker-client privilege that pertains to communications between the child and a certified social worker (MCL 339.1610; MSA 18.425[1610]).

3. DIVORCE — CHILD CUSTODY — BEST INTERESTS OF CHILD.

The preponderance of the evidence standard applies to the determination of child custody where there is no established custodial environment; custody is to be resolved in the child's best interests (MCL 722.23, 722.25; MSA 25.312[3], 25.312[5]).

*Hill Lewis* (by *Wendy L. Potts*), for the plaintiff.

*Acevedo & Baggott* (by *Nancy L. Baggott*), for the defendant.

Before: DANHOF, C.J., and DOCTOROFF and BRENNAN, JJ.

PER CURIAM. Defendant appeals as of right from a judgment of divorce entered on June 11, 1990, and raises ten issues on appeal. We affirm.

The parties married on April 17, 1972, and have one minor child, Viticia, born March 15, 1978. Plaintiff filed for divorce in 1987, but the action was dismissed when the parties reconciled in March 1988. Plaintiff filed this action on November 16, 1988. Trial was held in March 1990.

During the marriage, the parties acquired a home, a pension, automobiles, jewelry, a fur coat, and debts. The trial court awarded plaintiff custody of the minor child, rehabilitative alimony for three years, and all the marital assets except for defendant's pension and three older cars. Defendant was ordered to pay $13,000 of plaintiff's attorney fees and to pay $5,420 directly to plaintiff. Defendant was also ordered to discharge his father's lien on the marital home.

Defendant's first claim is that the trial court erred in ordering defendant to deliver to plaintiff the assets of an irrevocable trust established for the benefit of the parties' minor child.

On October 13, 1988, defendant transferred $5,081.18 and 138 shares of Ford Motor Company common stock into an irrevocable trust for the benefit of the parties' minor child. The trust was also made the beneficiary of defendant's life insurance policy through his employer. Defendant's cousin was appointed trustee. Defendant did not inform plaintiff that he was setting up the trust. Plaintiff filed the complaint in this action on November 16, 1988. Defendant claimed he did not know that plaintiff had filed for divorce until December 9, 1988, when he was served with the complaint. The trial court found that defendant established the trust in anticipation of the divorce and to put the assets contained in the trust beyond plaintiff's reach. The trial court then found the trust corpus to be an asset of the marital estate subject to division between the parties.

This Court is required to accept the factual findings of a trial court in a divorce case unless those findings are clearly erroneous. *Beason v Beason,* 435 Mich 791, 805; 460 NW2d 207 (1990). A finding is clearly erroneous if the reviewing court, on all the evidence, is left with a definite

and firm conviction that a mistake has been committed. *Id.* Under this standard, the reviewing court cannot reverse if the trial court's view of the evidence is plausible. *Id.* Deference is given to the special opportunity of the trial court to judge the credibility of witnesses. MCR 2.613(C).

A divorce case is equitable in nature, and a court of equity molds its relief according to the character of the case. *Wiand v Wiand,* 178 Mich App 137, 144; 443 NW2d 464 (1989), quoting *Schaeffer v Schaeffer,* 106 Mich App 452, 457-458; 308 NW2d 226 (1981). Once the court acquires jurisdiction, it will do what is necessary to accord complete equity and to conclude the controversy. *Wiand, supra,* p 144. Generally, a court has no authority to adjudicate the rights of third parties in divorce actions. *Id.,* p 146. An exception to the general rule exists when it is claimed that a third party has conspired with one spouse to deprive the other spouse of an interest in the marital estate. *Id.* See also anno: *Propriety of consideration of, and disposition as to, third persons' property claims in divorce litigation,* 63 ALR3d 373. The court, therefore, has authority to find that assets were fraudulently transferred to a third party to deprive a spouse of an interest in marital property. It follows that another exception exists for situations like the one before us. One spouse cannot deprive the other of an interest in the marital estate by transferring marital property into a trust for the benefit of a third party. Having reviewed the record in this case, we are not left with a definite and firm conviction that a mistake has been committed. The trial court's findings are not clearly erroneous. Accordingly, we affirm the trial court's determination that the trust corpus was an asset of the marital estate subject to division between the parties.

Defendant's second claim is that the trial court abused its discretion in allowing plaintiff to waive the child's social worker-client privilege and in admitting the social worker's testimony.

The relevant privilege statute provides in pertinent part:

> [A] communication between a certified social worker . . . and a person counseled is confidential. This privilege is not subject to waiver except . . . where so waived by the client or a person authorized to act in the client's behalf. [MCL 339.1610; MSA 18.425(1610).]

Unless defined in the statute, every word of a statute should be accorded its plain and ordinary meaning. MCL 8.3a; MSA 2.212(1); *Dezwaan v Holland Motor Express,* 189 Mich App 575; 473 NW2d 788 (1991); *Victorson v Dep't of Treasury,* 183 Mich App 318, 323; 454 NW2d 256 (1990). According to the plain language of the statute, any person authorized to act in the client's behalf can waive the privilege. Plaintiff, as the child's mother and a joint custodian, is a person authorized to act in the child's behalf and, hence, could waive the privilege. The fact that the content of the social worker's testimony was not favorable to defendant is irrelevant to the issue whether the privilege could be waived by plaintiff. The trial court did not abuse its discretion in allowing plaintiff to waive the child's social worker-client privilege or in allowing the social worker to testify as an expert witness. *King v Taylor Chrysler-Plymouth, Inc,* 184 Mich App 204, 214-215; 457 NW2d 42 (1990).

Defendant waived review of his assertion that the testimony was inadmissible hearsay by failing to object to the testimony on that basis at trial. An

objection based on one ground is insufficient to preserve an appellate attack based on a different ground. MRE 103; *People v Winchell,* 171 Mich App 662, 665; 430 NW2d 812 (1988). Defendant's assertion that the trial court abused its discretion in disregarding plaintiff's disobedience of a prior counseling order is without merit. We note that the record indicates that defendant himself violated the order. Defendant's assertion that the trial court abused its discretion in adopting the social worker's testimony goes to its weight, not admissibility, and is without merit. The trial court's view of the evidence is plausible, and its findings are not clearly erroneous.

Defendant's third claim is that the trial court erred in awarding legal and physical custody of the parties' minor child to plaintiff.

This Court must affirm all custody orders unless the trial court made findings of fact against the great weight of the evidence, committed a palpable abuse of discretion, or committed clear legal error on a major issue. MCL 722.28; MSA 25.312(8).

Defendant argues that the trial court erred in failing to determine whether an established custodial environment existed.

We agree with defendant that the trial court in this case failed to make a finding regarding whether an established custodial environment existed. Where a trial court fails to make a finding regarding the existence of a custodial environment, this Court will remand for a finding unless there is sufficient information in the record for this Court to make its own finding by de novo review. *Bowers v Bowers,* 190 Mich App 51; 475 NW2d 394 (1991); *DeVries v DeVries,* 163 Mich App 266, 271; 413 NW2d 764 (1987).

Upon de novo review, we conclude, as urged by defendant, that there was no established custodial

environment. Absent the existence of an established custodial environment, the preponderance of the evidence standard applies, and the trial court was free to award custody simply by determining the child's best interests. *Baker v Baker,* 411 Mich 567, 579; 309 NW2d 532 (1981).

Custody disputes are to be resolved in the child's best interests. MCL 722.25; MSA 25.312(5). To determine the best interests of the child, the trial court must consider and explicitly state its findings and conclusions with regard to each of the eleven factors set forth in § 3 of the Child Custody Act, MCL 722.23; MSA 25.312(3). On review, considerable deference is given to the superior vantage point of the trial judge respecting issues of credibility and preferences under the statutory factors. *Lewis v Lewis,* 138 Mich App 191, 193; 360 NW2d 170 (1984).

The trial court in the instant case carefully addressed each of the statutory factors, and its findings of fact are supported by the record. Having reviewed the record, we conclude that the trial court's findings were not against the great weight of the evidence and that the trial court did not commit a palpable abuse of discretion or commit clear legal error. Accordingly, the award of custody to plaintiff is affirmed.

Defendant's fourth claim is that the visitation order was an abuse of the trial court's discretion.

Visitation disputes are governed by the Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.* This Court reviews a visitation order de novo, but will affirm the order unless the trial court made findings of fact against the great weight of the evidence, committed a palpable abuse of discretion, or committed clear legal error. MCL 722.28; MSA 25.312(8); *Farrell v Farrell,* 133 Mich App 502, 512-513; 351 NW2d 219 (1984). The control-

ling factor in determining visitation rights is the best interests of the child. *Id.,* p 513.

Our review of the record convinces us that the trial court did not abuse its discretion in changing the visitation scheduled in the temporary order or in requiring that defendant give telephone notice to plaintiff twelve hours in advance of exercising visitation. The temporary order gave defendant visitation on Tuesdays from 5:00 P.M. to 8:00 P.M. and on alternate weekends. The visitation provision in the judgment of divorce gives defendant visitation on the first, third, and fifth, if applicable, weekends of the month, on alternate holidays, for three consecutive days during the Christmas and Easter school vacations, and for two periods of twenty-one consecutive days during the summer school vacation. The discontinuation of the midweek visitation is supported by testimony that such an arrangement is very disruptive for the child. The testimony further reveals that the relationship between the parties is replete with strife and animosity. Arguably, the extended periods of visitation ordered may serve the father-child relationship better than the midweek evening visitation. See *Anderson v Anderson,* 170 Mich App 305, 311; 427 NW2d 627 (1988). The trial court's order serves the best interests of the child and is not an abuse of discretion.

Defendant's fifth claim is that the trial court abused its discretion in ordering defendant to pay $138 a week in child support.

The award of child support rests in the sound discretion of the trial court, and its exercise of discretion is presumed to be correct. *Hoke v Hoke,* 162 Mich App 201, 206; 412 NW2d 694 (1987). In determining the amount of child support, the trial court is to consider the needs of the child and the parents' abilities to pay. *Id.* Support schedules

prepared by the friend of the court are guides for the trial court in determining child support. *Id.,* p 207. Such schedules should not be used mechanically, because each case must be decided on its own particular merits on the basis of facts shown in the record. *Id.* However, the trial court may enter an order that deviates from the friend of the court child support formula only if it determines that application of the formula would be unjust or inappropriate. MCL 722.27(2); MSA 25.312(7)(2).

Although appellate review is de novo, the trial court's factual findings are reviewed for clear error. *Beason, supra.* A finding is clearly erroneous if the appellate court, on all the evidence, is left with a definite and firm conviction that a mistake was made. *Id.* The party appealing the support order bears the burden of showing that a mistake was made. *Id.,* p 804; *Hoke, supra,* p 206.

Having reviewed the record, we find that adequate information was presented to enable the trial court to make a determination of child support. We note that the friend of the court recommendation was calculated using figures presented by the parties and received from defendant's employer. In addition, the amount awarded is consistent with the amount recommended in the 1990 Child Support Guidelines Manual. Defendant has not convinced us that a mistake was made. The trial court did not abuse its discretion in awarding child support.

Defendant's sixth claim is that the trial court abused its discretion in awarding alimony.

The award of alimony is within the trial court's discretion and is to be based on what is just and reasonable under the circumstances of the case. *Lesko v Lesko,* 184 Mich App 395, 404; 457 NW2d 695 (1990); *Ackerman v Ackerman,* 163 Mich App 796, 803; 414 NW2d 919 (1987).

Factors to be considered are (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, and (12) general principles of equity. *Id.* In addition, the court may consider a party's fault in causing the divorce. *Kurz v Kurz,* 178 Mich App 284, 295; 443 NW2d 782 (1989).

This Court reviews an award of alimony de novo, but must accept the trial court's factual findings unless they are clearly erroneous. *Beason, supra,* p 805; *Burkey v Burkey (On Rehearing),* 189 Mich App 72; 471 NW2d 631 (1991). The burden is on the appellant to persuade this Court that a mistake was made. *Beason, supra,* p 804. After reviewing the record, we find that the trial court considered the required factors and that the trial court's findings are supported in the record and, thus, are not clearly erroneous. Further, the trial court's findings are not against the great weight of the evidence. Defendant has not carried his burden of proving that a mistake was made. The alimony award of $175 a week for three years is affirmed.

Defendant's seventh claim on appeal is that the division of the marital property is inequitable in light of the evidence presented.

The division of marital assets rests within the discretion of the trial court. *Nielsen v Nielsen,* 179 Mich App 698, 699; 446 NW2d 356 (1989). Although appellate review is de novo, this Court is

required to accept the trial court's factual findings unless those findings are clearly erroneous. *Beason, supra; Burkey, supra.* We will not disturb a property division unless we are convinced that we would have reached a different result. *Burkey, supra.*

The goal in distributing marital assets is to reach an equitable distribution of property in light of all the circumstances. *Beckett v Beckett,* 186 Mich App 151, 153; 463 NW2d 211 (1990); *Ackerman, supra,* p 807. The division need not be mathematically equal. *Beckett, supra; Ackerman, supra.* To reach an equitable division, the trial court should consider the duration of the marriage, the contribution of each party to the marital estate, each party's station in life, earning ability, needs, fault or past misconduct, and any other equitable circumstance. *Nielsen, supra,* p 700.

After reviewing the record, we find that the division of marital assets was fair and equitable and are not convinced that we would have reached a different result if we had occupied the trial court's position. Defendant's argument asks this Court to make new credibility determinations. We cannot do so. Matters of credibility are for the trial court to determine. MCR 2.613(C). The record supports the trial court's findings regarding the value of the marital assets. The division of property can be justified by the disparate earning abilities of the parties, defendant's responsibility in causing the marital breakdown, defendant's attempt to put marital assets outside plaintiff's reach, and the fact that plaintiff was awarded custody of the parties' minor child. In view of the circumstances, we will not disturb the trial court's property division.

Defendant's eighth claim is that the trial court

abused its discretion in awarding plaintiff $13,000 in attorney fees.

Necessary and reasonable attorney fees may be awarded to enable a party to carry on or defend a divorce action. *Lesko, supra,* p 406; MCR 3.206(A). An award of attorney fees is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *Kurz, supra,* p 297. In 1989, plaintiff earned approximately $12,000. Plaintiff testified that she had substantial debt. The record supports a finding that plaintiff was in need of financial assistance to defend the action. Further, the trial court found that defendant's actions caused plaintiff to incur debts and that defendant unnecessarily prolonged the proceedings by making spurious claims and allegations. Attorney fees are authorized under such conditions. *Lesko, supra.* Accordingly, we affirm the award of attorney fees to plaintiff.

Defendant's ninth claim is that the trial court's failure to find plaintiff to be at fault is against the great weight of the evidence. Fault is a legitimate consideration in arriving at a property division in a divorce matter. *Burkey, supra.* The trial court's findings of fact are reviewed under the clearly erroneous standard.

The trial court made the following findings with regard to the issue of fault:

> Plaintiff attributed the breakdown of the marriage to the fact that defendant physically abused her, that he failed to involve her in his personal life or in decisions affecting the family, and that he has long accused her of adultery. Defendant attributed the breakdown of the marriage to plaintiff's adultery and her "dishonest," "conniving" and "deceitful" nature. He accused her of having affairs with one or two men, of stealing jewelry from a friend, of filing false insurance claims, and

the like. Given defendant's general demeanor on the stand, the overall tenor of his testimony, and the absence of any credible evidence supporting these accusations, the Court finds them to be without merit. Plaintiff, however, was not without fault. She provoked some arguments, a few of which culminated in defendant's physical outbursts. Given the testimony of both parties, the Court finds that both parties contributed to the breakdown of the marriage, but that defendant is substantially more at fault than the plaintiff.

This Court gives special deference to the trial court's findings where they are based on the credibility of witnesses. *Stanton v Dachille,* 186 Mich App 247, 255; 463 NW2d 479 (1990). The trial court's findings are supported by the record and are not clearly erroneous or against the great weight of the evidence.

Defendant's last claim is that the trial court erred in failing to find that plaintiff was not credible. Credibility is a matter for the trier of fact to ascertain. This Court will not resolve it anew. *People v Vaughn,* 186 Mich App 376, 380; 465 NW2d 365 (1990); MCR 2.613(C).

Affirmed.