NAVARRE v NAVARRE

Docket No. 130123. Submitted June 21, 1991, at Lansing. Decided October 7, 1991, at 9:20 A.M.

Dianne M. Navarre brought an action in the Livingston Circuit Court, seeking a divorce from Charles E. Navarre. The court, Stanley J. Latreille, J., granted the divorce, awarded custody of the parties' minor son to the plaintiff, and divided the marital estate by awarding approximately seventy percent of the estate to the plaintiff and the remainder to the defendant. The defendant appealed, claiming that the trial court, in determining child custody, erred in ruling that the requirement of the Child Custody Act that the mental and physical health of the parents be considered when determining the best interests of the child, MCL 722.23(g); MSA 25.312(3)(g), did not override the physician-patient privilege, MCL 600.2157; MSA 27A.2157, with regard to the proffered testimony of the plaintiff's physician concerning the plaintiff's condition. The defendant also claimed that the trial court abused its discretion in dividing the marital estate.

The Court of Appeals held:

1. The statutes governing the physician-patient privilege and child custody disputes are not in pari materia. Because these statutes do not conflict with one another, they are not subject to the rule of statutory construction that where two statutes conflict, the more specific one should prevail.

2. The trial court did not abuse its discretion in dividing the marital estate under the circumstances of this case.

Affirmed.

FITZGERALD, J., dissenting in part, stated that the trial court admitted confusion regarding the property division, that it gave no explanation for the disparity in the awards, and that the matter should be remanded to the trial court for statement on the record of its reasons for the unequal distribution of the

REFERENCES

Am Jur 2d, Divorce and Separation §§ 974, 979; Witnesses §§ 246, 263, 268, 296.

See the Index to Annotations under Custody and Support of Children; Physician-Patient Privilege.

marital estates. The Court of Appeals then could determine whether it would have reached a different result had it been in the trial court's place.

Divorce — Child Custody — Mental and Physical Health of Parents — Physician-Patient Privilege.

> The physician-patient privilege may be raised by a parent in a child custody dispute to preclude testimony concerning the parent's mental and physical health (MCL 600.2157, 722.23[g]; MSA 27A.2157, 25.312[3][g]).

*Nancy C. Nawrocki,* for the plaintiff.

*Lavan & Hegarty* (by *Brian Lavan*), for the defendant.

Before: McDonald, P.J., and MacKenzie and Fitzgerald, JJ.

McDonald, P.J. Defendant appeals as of right from a June 4, 1990, judgment of divorce awarding custody of the parties' minor son to plaintiff and distributing the parties' property, claiming error regarding evidentiary matters related to the custody dispute and challenging the uneven property distribution. We affirm.

On appeal, defendant first claims the court erred in failing to find that the Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.*, waives the application of the physician-patient privilege.

In particular, defendant argues because the physician-patient privilege is created by a general statute, whereas the Child Custody Act is a specific statute, the custody act's requirement that the court consider the mental and physical health of the parties should be interpreted as mandating waiver of the physician-patient privilege with respect to the parties of a custody dispute. Thus, defendant argues, the court erred in declining to allow testimony by Doctor Francis Couch, plain-

tiff's treating physician, and Miriam Stephen, the parties' marriage counselor. We find no merit to defendant's position.

Section 5 of the Child Custody Act requires that custody disputes be resolved in the best interests of the child. Section 3 of the act sets forth eleven factors "to be considered, evaluated, and determined by the court." Subsection 3(g) lists as a factor the "mental and physical health of the parties involved."

The physician-patient privilege, like several other privileges in Michigan, is also a creature of statute, MCL 600.2157; MSA 27A.2157. At the time of the trial court's ruling that section provided in part:

> No person duly authorized to practice medicine or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon: Provided, however, that in case such patient shall bring an action against any defendant to recover for any personal injuries, or for any malpractice, if such plaintiff shall produce any physician as a witness in his own behalf, who has *treated him* for such injury, or for any disease or condition, with reference to which such malpractice is alleged, he shall be deemed to have waived the privilege hereinbefore provided for, as to any or all other physicians, *who may have treated* him for such injuries, disease or condition. [Emphasis added.]

In addition, a separate statute, MCL 339.1507; MSA 18.425(1507), addresses the marital counseling privilege:

> Communication between a marriage counselor

and the person or persons counseled is confidential. This privilege is not subject to waiver, except where the counselor is a party defendant to a civil, criminal, or disciplinary action arising from the counseling in which case the waiver is limited to that action. If a case is counseled upon court referral, the marriage counselor may submit to the appropriate court a written evaluation of the prospect or prognosis of a particular marriage without divulging a fact or revealing a confidential disclosure. An attorney representing a spouse who is the subject of an evaluation shall have the right to receive a copy of this report.

Finally, MCR 2.314(A) provides that information regarding the condition of a party may be discoverable only if the information is otherwise discoverable under MCR 2.302(B) and the party in question does not assert that the information is privileged.

Defendant does not focus on the counseling privilege, which by its terms is not subject to waiver except under conditions not present in this case. Therefore, we restrict our discussion to the medical privilege in relation to plaintiff's treatment by Dr. Couch, which defendant concedes was asserted by plaintiff.

The question before the Court is whether the Legislature intended to suspend the medical privilege in custody disputes. The defendant's statutory-construction argument that the specific should dominate over the general is inapposite unless the statutes are found to be conflicting. In other words, they must be in pari materia, i.e., they must cover the same subject matter. In *Richardson v Jackson Co,* 432 Mich 377, 384; 443 NW2d 105 (1989), our Supreme Court explained that "[s]tatutes are in pari materia when they relate to the same person or thing, to the same class of persons or things, or

have the same purpose or object." Here, the purposes of the Child Custody Act and the medical privilege statute are different. The former seeks to provide a procedural framework for resolving custody disputes and requires the court to consider the mental and physical conditions of the parties. It does not, however, address the evidentiary routes by which such information may come to the attention of the court. The privilege statute, on the other hand, relates only to the right of a patient to prevent a physician from revealing a certain type of information, and it includes a few carefully delineated situations in which the evidence may be used notwithstanding the objection of the holder of the privilege.

All privileges exist at the expense of suppressing valuable evidence. Indeed, were this not the case, there would be no need for privileges at all. In this context, potentially valuable evidence regarding the condition of parties to a custody dispute must be sacrificed to the perceived greater good of protecting physician-patient relationships. Moreover, the court in this case was able, with the plaintiff's participation, to gather information with regard to her mental condition. See MCR 2.311. The privilege, therefore, did not block the presentation of the only evidence of plaintiff's condition. Additionally, we do not find relevant to a party's present condition the testimony of a physician who has not treated the party for years.

We also reject as meritless defendant's argument that by virtue of submitting to a court-ordered psychological examination and introduction of the psychologist's testimony, plaintiff waived her medical privilege with respect to Dr. Couch. Not only was the court-appointed psychologist not plaintiff's "treating" psychologist, but defendant has failed to provide any authority for the proposi-

tion that the introduction of a psychologist's testimony has any bearing on the introduction of medical evidence subject to the physician-patient privilege. Defendant has failed to acknowledge the differing fields of medicine and psychology.

Lastly, we find no abuse of discretion in the trial court's division of the parties' property. *Nielsen v Nielsen,* 179 Mich App 698; 446 NW2d 356 (1989). Given the evidence presented and the trial court's findings of fact, we find the award fair and just. Plaintiff's award was greater because she received the marital home in which to raise the parties' minor son, of whom plaintiff was awarded custody. Moreover, fault remains a valid consideration in matters of property division. *Ackerman v Ackerman,* 163 Mich App 796; 414 NW2d 919 (1987).

Affirmed.

MacKenzie, J., concurred.

Fitzgerald, J. *(concurring in part and dissenting in part).* I respectfully dissent from the majority's conclusion that the trial court did not abuse its discretion in dividing the parties' property. The trial judge admitted confusion regarding the property division, but gave no explanation for the substantial disparity in the property award, which gave plaintiff approximately seventy percent of the parties' marital assets. Because we review the trial court's division of the marital estate de novo, and will not reverse unless we are convinced that we would have reached a different result had we been in the trial court's place, *Burkey v Burkey (On Rehearing),* 189 Mich App 72, 78; 471 NW2d 631 (1991), I would remand so that the trial court can state on the record the reasons for its significant departure from an approximately equal division of property, *Knowles v Knowles,* 185 Mich App 497, 501; 462 NW2d 777 (1990), and I would retain jurisdiction.