JANSEN v JANSEN

Docket No. 136157. Submitted July 6, 1993, at Detroit. Decided May
    3, 1994, at 9:35 A.M.

    James P. Jansen was granted a judgment of divorce from Karen
        A. Jansen in the Jackson Circuit Court, Gordon W. Britten, J.
        The defendant appealed.

        The Court of Appeals *held:*

        1. The trial court properly found that neither party was more
        at fault for the breakdown of the marriage.

        2. The trial court did not clearly err with regard to the
        valuation of the plaintiff's business assets.

        3. The trial court abused its discretion in its division of the
        marital assets. The disparate property division was not justified
        by a finding of fault and was inequitable. The matter must be
        remanded for reconsideration.

        4. The judgment of divorce must be modified to include an
        award of child support in the amount of $176 a week as
        recommended by the friend of the court and agreed to by the
        parties, not the amount of $170 a week ordered by the court.

        5. On remand, the trial court may revise, revisit, and change
        the amount of alimony awarded the defendant. The court
        should award alimony and divide the parties' property in
        accordance with the equities consonant with the principles of
        *Sparks v Sparks,* 440 Mich 141 (1992).

        6. The trial court did not abuse its discretion in awarding the
        defendant $10,000 as reasonable attorney fees.

        Affirmed in part, reversed in part, and remanded.

1. DIVORCE — DIVISION OF PROPERTY — STOCK — CLOSELY HELD
        CORPORATIONS.

        A trial court in a divorce action has great latitude in determining
        the value of stock in closely held corporations; if the court's

REFERENCES
Am Jur 2d, Divorce and Separation §§ 591, 870, 947.
Divorce: equitable distribution doctrine. 41 ALR4th 481.
Valuation of stock options for purposes of divorce court's property
    distribution. 46 ALR4th 689.

valuation is within the range established by the proofs, there is
no clear error.

2. DIVORCE — DIVISION OF PROPERTY.

A division of property in a divorce action need not be equal, but
it must be equitable; an equitable distribution of marital assets
should be roughly congruent; any significant departure from
that goal should be supported by a clear exposition of the trial
court's rationale.

3. DIVORCE — ATTORNEY FEES — APPEAL.

An award of an attorney fee in a divorce action is reviewed only
for an abuse of discretion.

*Dykema Gosset* (by *E. Edward Hood*), for the
plaintiff.

*Johnson & Johnson* (by *Kenneth B. Johnson*), for
the defendant.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY
and GRIBBS, JJ.

PER CURIAM. Defendant appeals as of right from
the circuit court's judgment of divorce. We affirm
in part, reverse in part, and remand.

First, defendant argues that the trial court erred
in finding that neither party was more at fault for
the breakdown of the marriage. We do not agree.
Although there was evidence of plaintiff's adulter-
ous conduct, there was also evidence that defen-
dant's antagonism toward plaintiff's family was a
cause of tension between the parties, that she
issued ultimatums and threatened to divorce him,
and that the parties' sexual life was "somewhat
non-existent." The trial court's findings are sup-
ported by the record and are not clearly erroneous.
*Thames v Thames,* 191 Mich App 299, 311; 477
NW2d 496 (1991).

Next, defendant asserts that the trial court
erred in its valuation of plaintiff's business assets

and continues to argue that her expert witness was more credible than plaintiff's expert witness. We find no clear error. The valuations of the parties' experts varied widely and were the subject of much dispute at trial. The trial court made its own evaluation on the basis of all the evidence presented, and, while some of the trial court's individual determinations may have been miscalculated, the court's valuation was within the ranges established by the testimony. A trial court has great latitude in determining the value of stock in closely held corporations, and where a trial court's valuation of a marital asset is within the range established by the proofs, no clear error is present. *Rickel v Rickel,* 177 Mich App 647, 650; 442 NW2d 735 (1989); *Pelton v Pelton,* 167 Mich App 22, 25-26; 421 NW2d 560 (1988).

Defendant also contends that the trial court abused its discretion in dividing the marital assets. We agree. A division of property in a divorce action need not be equal, but it must be equitable. *Sparks v Sparks,* 440 Mich 141, 159; 485 NW2d 893 (1992). The trial court in this case awarded property to plaintiff with a net worth of $554,698, and awarded property to defendant with a net worth of $169,050. The disparate property division in this case was not justified by a finding of fault. See *Knowles v Knowles,* 185 Mich App 497, 499; 462 NW2d 777 (1990). Despite the trial court's finding that plaintiff's contribution toward the marital assets and his industry far exceeded defendant's, we believe the division in this case was inequitable. An equitable distribution of marital assets means that they will be roughly congruent. *Id.* at 501. "Any significant departure from that goal should be supported by a clear exposition of the trial court's rationale." *Id.* Accordingly, we remand for reconsideration.

Defendant also argues that the trial court failed to consider the Michigan Child Support Guidelines in this case. The friend of the court recommended child support in the amount of $176 a week, and both parties agreed to that amount at trial. The trial court ordered child support payments in the amount of $170 a week. We agree that the divorce judgment should be modified to include an award of child support in the recommended amount of $176 a week. However, because defendant did not challenge the method of calculation used by the friend of the court or the resultant recommendation below, defendant's claim that the award is inadequate is waived on appeal. *Edwards v Edwards,* 192 Mich App 559, 561; 481 NW2d 769 (1992).

Next, defendant contends that the trial court abused its discretion in its award of alimony because the award was a "hybrid" between alimony in gross and periodic alimony. Because the matter must be remanded to a successor trial judge for reassessment and redistribution of the martial property, and because the alimony award goes hand in glove with the property distribution, we deem it advisable to grant the trial court latitude to revise, revisit, and change the alimony award after reconsideration on remand. On remand, the court should award alimony and divide the property in accordance with the equities consonant with the principles of *Sparks, supra.* The court should take into account any previous transfer of property under the previous divorce judgment, while reconsidering the property division and alimony award. We do not believe it would be wise to consider the purpose of rehabilitative alimony and alimony in gross without doing so in the context of an appropriate and equitable property division.

Defendant also argues that the trial court

abused its discretion in awarding only $10,000 to defendant for attorney fees. Defendant seeks an additional award of $19,000. An attorney fee in a divorce action is reviewed only for an abuse of discretion. *Milligan v Milligan,* 197 Mich App 665, 671; 496 NW2d 394 (1992). We find no abuse of discretion.

As the trial court noted in its written opinion, defendant requested a reasonable attorney fee but did not submit a bill of fees and costs to the trial court. Objection to the reasonableness of the amount of an award of attorney fees may not be raised for the first time on appeal. *Id.* Accordingly, this issue is not properly before us.

The trial court's property distribution is reversed. The award of alimony is neither affirmed nor reversed, but is remanded for reconsideration in context with the property division, and the trial court is authorized to modify the award of alimony as it sees fit. The award of child support is modified to the recommended amount of $176 a week. The trial court shall conduct a hearing, make findings of fact, and submit its decision and findings to this Court within eighty-four days of the release of this opinion.

Affirmed in part, reversed in part, and remanded for further proceedings. We retain jurisdiction.