*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH C. BRYANT,

        Plaintiff-Appellee,

v

SAMANTHA R. SODEN,

        Defendant-Appellant.

UNPUBLISHED
December 22, 2022

No. 361915
Midland Circuit Court
Family Division
LC No. 21-008246-DC

Before: SHAPIRO, P.J., and BORRELLO and YATES, JJ.

PER CURIAM.

Plaintiff, Kenneth Bryant, and defendant, Samantha Soden, are the unmarried parents of a two-year-old son, AB. On June 3, 2022, the trial court entered an order regarding custody, child support, and parenting time that defined the rights and responsibilities of both parents. That order awarded plaintiff and defendant joint legal and physical custody of AB and prescribed "parenting time on a two-week rotating basis." Because we conclude that there are too many missing findings on essential issues, we shall vacate that order and remand for more comprehensive findings.

## I. FACTUAL BACKGROUND

Defendant gave birth to AB in November 2020, and shortly thereafter both parties signed an affidavit of parentage establishing plaintiff as AB's father. At that time, plaintiff and defendant lived together, but they never married. While the parties lived together, defendant did the majority of the child-rearing. The relationship was tumultuous. Each party alleged that the other committed an act of domestic violence. Defendant testified that plaintiff was physically violent to her on one occasion in April 2021. But plaintiff claimed that defendant was actually the aggressor in the April 2021 incident and he hit defendant in self-defense.

In October 2021, defendant took AB and left the parties' shared home. Defendant believed that her relationship with plaintiff was coming to an end, and she observed AB exhibit aggressive behavior, which she believed to be AB mimicking plaintiff's aggressive behavior. Defendant also testified that an incident in October 2021 when plaintiff screamed at her contributed to her decision

to leave.  After moving out of the shared home, defendant spent two days at Shelterhouse[1] before taking AB to New York, where defendant and AB began living with defendant's parents.

After defendant and AB moved, plaintiff filed the complaint initiating this matter.  Plaintiff requested physical custody of AB.  An evidentiary hearing took place before a Friend of the Court referee.  Both parties testified at the hearing.  Following the hearing, the referee recommended that the parties should share legal custody of AB but that defendant should be awarded physical custody of AB and plaintiff should receive one week of parenting time per month.  Plaintiff filed a written objection to the referee's recommendation, thereby moving the dispute to the trial court.

On April 20, 2022, the trial court held a de novo hearing on the issues of physical custody and parenting time.  Both parties testified extensively at that hearing, and then the trial court made findings and rendered rulings from the bench.  The trial court began by finding "that there is an established custodial environment with both parents" because AB "looks to both parents during the child's time with them for care and comfort and decision making[.]"  The trial court then made findings on the 12 best-interest factors listed in MCL 722.23.  Based upon those findings, the trial court concluded by stating that "the order of the Court then is joint legal, joint physical custody of the child[,] [s]o, what that means is, that parenting time will have to change."  The trial court ended by explaining that "I can order equal parenting time[,] [s]o, that will be half the month with Ms. Soden, half the month with Mr. Bryant . . . effective on your next parenting time exchange."  The trial court memorialized those rulings in a written order issued on June 3, 2022, prompting this appeal by defendant.

## II.  LEGAL ANALYSIS

Defendant takes issue with the trial court's finding of an established custodial environment with both parents.  She also faults the trial court's failure to identify the standard of proof applied to evaluate the 12 best-interest factors.  Those challenges lead to her principal contention that the trial court failed to decide whether the change in physical custody and parenting time amounted to an unwarranted modification of AB's established custodial environment.  "Whether an established custodial environment exists is a question of fact that the trial court must address before it makes a determination regarding child custody" and "parenting time."  *Demski v Petlick*, 309 Mich App 404, 445; 873 NW2d 596 (2015) (quotation marks and citations omitted).  The "trial court's findings regarding the existence of an established custodial environment [must] be affirmed unless the evidence clearly preponderates in the opposite direction."  *Pennington v Pennington*, 329 Mich App 562, 570; 944 NW2d 131 (2019) (quotation marks omitted).

The concept of an "established custodial environment" is defined by statute.  Specifically, under MCL 722.27(1)(c):

> The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline,

---

[1] Shelterhouse is a nonprofit organization that provides shelter and services to domestic-violence survivors.  Shelterhouse, *About Us* <https://shelterhousemidland.org/about-us/> (accessed November 16, 2022).

the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered.

" 'An established custodial environment may exist with both parents where a child looks to both the mother and the father for guidance, discipline, the necessities of life, and parental comfort.' " *Demski*, 309 Mich App at 446. Conversely, there can exist an established custodial environment with only one parent. *Id.* at 447. After the trial court renders a finding on the established custodial environment, the court must "consider whether the proposed change would modify the established custodial environment." *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). If the change would modify the child's established custodial environment, the trial court cannot order the change "unless there is presented clear and convincing evidence that it is in the best interest of the child." *Id.* at 86 (quotation marks omitted). But when the change would not alter the established custodial environment, "the heightened evidentiary burden is not applicable," so the proponent of the change simply must "prove by a preponderance of the evidence that the proposed change . . . would be in the best interests of the child[ ], using the best-interest factors identified in MCL 722.23." *Id.* at 89-90.

Here, the trial court summarily stated that "there is an established custodial environment with both parents" and then, without identifying the standard of proof it was using, made findings on the 12 best-interest factors but offered no comments about whether its resolution of the custody and parenting-time issues modified AB's established custodial environment. In three respects, the trial court's summary findings came up short of the governing legal standards. First, the trial court justified the finding of an established custodial environment by simply observing that "[t]he child looks to both parents during the child's time with them for care and comfort and decision making and what not. I think both parents have testified to that." That finding made no mention of AB's longstanding residence in New York with defendant.[2] Second, the trial court did not identify the standard of proof that it applied in rendering its findings. We could presume from context that the trial court chose to use the preponderance-of-evidence standard, but nothing in the record supports such a presumption. Third, and most significantly, the trial court did not explain whether the shift to an equal division of parenting time would change AB's established custodial environment. The trial court acknowledged that its award of joint physical custody "mean[t] . . . that parenting time will have to change." And the shift to an equal division of parenting time was a significant change in AB's life. Such major changes could very well modify AB's established custodial environment, *Lieberman v Orr*, 319 Mich App 68, 85-87; 900 NW2d 130 (2017), but the award of joint physical custody and the alteration of the parenting-time schedule are bereft of findings that we can review

---

[2] The trial did note, however, that "Ms. Soden [i.e., defendant] spent the majority of the time with [AB] when he was very little." That observation seems to cut against the finding of an established custodial environment with both parties, rather than with defendant only.

meaningfully on appeal. Consequently, we shall vacate the trial court's order regarding custody, child support, and parenting time and remand the case for more comprehensive findings.[3]

Order awarding physical custody and parenting time vacated and case remanded for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Christopher P. Yates

---

[3] When an essential finding is missing in a case concerning custody and parenting time, "this Court will remand for a finding unless there is sufficient information in the record for this Court to make its own finding by de novo review." *Thames v Thames*, 191 Mich App 299, 304; 477 NW2d 496 (1991). Here, we ought not engage in fact-finding on de novo review when the stakes are so high and the missing findings are so crucial and numerous.

# Court of Appeals, State of Michigan

# ORDER

Douglas B. Shapiro
Presiding Judge

Kenneth C Bryant v Samantha R Soden

Docket No. 361915

LC No. 21-008246-DC

Stephen L. Borrello

Christopher P. Yates
Judges

For the reasons detailed in the opinion issued concurrently with this order, the Court VACATES the June 3, 2022 order regarding custody, child support, and parenting time, and REMANDS this matter to the Family Division of the Midland Circuit Court for a redetermination of the custody and parenting time issues. The redetermination shall be supported by factual and legal findings sufficiently detailed to allow meaningful appellate review. We retain jurisdiction.

Upon the expiration of the 42-day period in which to file an application for leave to appeal in the Supreme Court, MCR 7.305(D)(5), the trial court shall reconsider the custody and parenting time issues. The trial court's findings on remand may be rendered orally from the bench or in a written opinion. Proceedings on remand shall be given priority until they are concluded. Within seven days after entry of a new order regarding custody, child support, and parenting time, appellant shall file with this Court a copy of that order and the written findings if the findings are memorialized in writing. The transcripts of all proceedings on remand shall be prepared and filed within 21 days after the completion of the proceedings.

Either party may file a supplemental brief pertaining to the issues raised on remand within 21 days after entry of the trial court's order deciding the matter or 21 days after the transcript of the hearing is filed, whichever is later. The responsive party may file a supplemental brief in reply. Alternatively, the parties may file a stipulation to dismiss the appeal.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

December 22, 2022
Date

Chief Clerk