there would seem to have been no objection to a recovery as to them, and whether there was or was not such admixture, was a question for the jury upon the evidence under proper instructions, and not a question for the court. The court appears, however, to have ignored this circumstance, and to have ruled, as matter of law, that the plaintiff was not entitled to recover for any of the logs. In so doing the court assumed to decide upon the fact of admixture, which depended upon the view the jury might take of the evidence on that subject. For this the judgment should be reversed.

While it would be desirable to meet the apparent wish of counsel, that we should pass upon several important questions, and among them, one relating to the status of certain railroad lands, and of section sixteen, in township fourteen north, of range four east, I think it would be hazardous to do so under the embarrassments occasioned by the manner in which those questions are brought forward. Another trial, if one is had, can scarcely fail to develop a state of facts more favorable to a safe determination of these questions.

The other Justices concurred.

---

Alexander English v. Andrew C. Maxwell and another.

*Notice of hearing.* An appeal in chancery cannot be properly noticed for hearing by any one not the solicitor of record in the court below, and who has not been substituted as solicitor in this court.

*Heard and decided October 8.*

Appeal in Chancery from Bay Circuit.

Motion to strike from the docket as improperly noticed. The solicitors who noticed the cause for hearing, were not the solicitors of record in the court below, and had never been substituted as such in this court.

*William Jennison,* for the motion.

*Ashley Pond, contra.*

THE COURT held that the notice was not good, and struck the case from the docket.

---

## Mary White v. Colin Campbell and others.

*Statute of limitations: Account stated.* In an action for goods sold and delivered, where the benefit of the statute of limitations is claimed as a defense to a portion of the amount claimed, on the ground that it has been converted into an account stated, through the assent of the defendant to the account as rendered to him, it is not sufficient to sustain such defense, that upon, and after, the exhibition of the account to him he remained perfectly passive, but he must show some word or act, marking or implying that he assented to the account.

*Res judicata.* Where a case goes twice to a court of review, and a point decided upon the first hearing, is raised on the second, the decision upon the question at the first hearing, is not conclusive at the second, where the record of the second trial contains evidence of additional facts relating thereto, upon which the record of the first trial was silent.

*Charge to the jury: Requests to charge: Objections.* Where the evidence relating to a subject is not inconsistent with either of two distinct hypotheses, one favoring one party, and one the other, and the court at the request of one party, charged agreeably to one of such hypotheses, and the verdict was such that it is to be presumed that the jury found such hypothesis to be the true one, the judgment will not be reversed by a court of review, for want of an instruction adapted to the other hypothesis, in the absence of any request so to charge.

*Credit: Article purchased and returned: Mutual account.* A credit, in an account for goods sold and delivered from time to time, for the value of an article returned, if such article had been first purchased for cash, and then returned and accepted, and the vendor, by mutual consent, express or implied, was allowed to retain the purchase price, whether considered as a credit for the money paid, or for the same sum treated as the price of the article