# STATE OF MICHIGAN

# COURT OF APPEALS

FRANK S. SZYMANSKI, P.C.,

        Plaintiff-Appellee,

v

ELIZABETH ELDRIDGE,

        Defendant-Appellee.

UNPUBLISHED
March 23, 2017

No. 328349
Wayne Circuit Court
LC No. 12-016174-CK

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

In this dispute over attorney fees that plaintiff claims are allegedly owed to him[1] by defendant, the trial court, after a bench trial, found that plaintiff was entitled to an award of $27,171.44 on an account-stated claim. The final order stated that plaintiff was only allowed to collect on the amount if defendant realized a recovery in that amount from her ex-husband. Defendant appeals as of right, and we affirm.

Defendant contends that the trial court erred in finding for plaintiff because a valid claim for an account stated depends on an agreement about a debt, and no such agreement existed here.

This Court reviews "a trial court's findings of fact in a bench trial for clear error and its conclusions of law de novo." *Chelsea Investment Group, LLC* v *City of Chelsea*, 288 Mich App 239, 250; 792 NW2d 781 (2010). "A finding is clearly erroneous if the reviewing court, on all the evidence, is left with a definite and firm conviction that a mistake has been committed." *Thames v Thames*, 191 Mich App 299, 301-302; 477 NW2d 496 (1991). "Under this standard, the reviewing court cannot reverse if the trial court's view of the evidence is plausible." *Id*. at 302.

---

[1] While plaintiff is in fact a legal entity, Frank S. Szymanski, P.C., because various facts in this case are from the testimony of plaintiff's principal owner, Frank S. Szymanski, in this opinion we will refer to Szymanski himself as plaintiff and use the pronoun "he" when referring to plaintiff.

The trial court did not clearly err in entering judgment for plaintiff in the amount of $27,171.44.

> The conversion of an open account into an account stated, is an operation by which the parties *assent* to a sum as the correct balance due from one to the other; and whether this operation has been performed or not, in any instance, must depend upon the facts. That it has taken place, may appear by evidence of an express understanding, or of words and acts, and the necessary and proper inferences from them. When accomplished, it does not necessarily exclude all inquiry into the rectitude of the account. The parties may still impeach it for fraud or mistake. But so long as it is not impeached, the agreed statement serves in place of the original account, as the foundation of an action. It becomes an original demand, and amounts to an *express* promise to pay the actual sum stated. [*White v Campbell*, 25 Mich 462, 467-468 (1872) (emphasis in original).]

A "mutual understanding by the parties of the truth of the account, or the agreement upon a sum to stand on the balance," is a necessary element and a "mere rendering of an account . . . will not make the account a stated one . . . ." *Id*. at 468. The Supreme Court in *White* stated that, "as against a party receiving an account, and not objecting to it within a reasonable time, its correctness may be considered as admitted by him, and the balance as the debt; or, in other words, that the party rendering the account may, under such circumstances, treat it as an account stated . . . ." *Id*. However, the *White* Court went on to hold that if there was any objection to the amount "within a reasonable time," that would defeat the claim. *Id*. at 469.

The Supreme Court followed the *White* holding in its decision in *Fisher Sand & Gravel Co v Neal A Sweebe, Inc*, 494 Mich 543, 558; 837 NW2d 244 (2013), where it held that an account-stated claim requires mutual assent but that "there are instances when assent may be inferred from a party's *inaction* . . ." (emphasis in original). The *Fisher* Court held that when a party's assent to a balance is inferred from inaction, "the stated account operates to form an implied contract." *Id*. at 558-559. Because the *Fisher* Court found that the trial court had not considered whether the defendant objected to the plaintiff's statement of the account at issue, it remanded the case to the trial court for it to determine whether there was sufficient evidence that the defendant agreed to the amount stated, "either expressly or by implication." *Id*. at 562. This Court similarly held in *Keywell & Rosenfeld v Bithell*, 254 Mich App 300, 330-333; 657 NW2d 759 (2002), that where the record suggested that the defendant failed to object to a law firm's bills and explicitly conceded some of them, the trial court erred in dismissing the plaintiff's account-stated claim.

In the present case, the dispute at issue can appropriately be divided into two sub-issues. First, the parties dispute whether there was sufficient evidence of an account being submitted by plaintiff to defendant. Plaintiff argues that his testimony that he directed that the bills, as well as two demand letters, be sent to defendant was sufficient to show that an account was stated to defendant. Defendant argues that this evidence was insufficient, given plaintiff's inability to provide any further details or testimony, based on his personal knowledge, that he knew the bills and letters were in fact sent. Second, assuming that plaintiff prevails on the first dispute, the parties dispute whether plaintiff can recover on an account-stated claim where he expressly

testified that defendant never agreed with him on either the amount alleged in the complaint or the amount he requested at trial.

The first dispute is really a dispute about whether the trial court's factual finding that plaintiff presented an account to defendant through the mailing of bills and letters was clearly erroneous. For this Court to conclude that the trial court clearly erred in finding that an account had been stated to defendant through the mailing of bills and letters, it would have to be "left with a definite and firm conviction that a mistake has been committed." *Thames*, 191 Mich App at 301-302. Because plaintiff testified that he instructed or directed that the bills and letters be sent, and there was no testimony by defendant denying that she received them, the trial court did not commit clear error in finding that such bills and letters had been sent. Additionally, plaintiff testified regarding a telephone call with defendant in the summer of 2012 during which she appeared to acknowledge that she was aware of the bills. Defendant argues that plaintiff's testimony regarding this call shows her objection to the account. However, plaintiff did not testify that defendant objected to the account; his testimony was that defendant wanted to talk about the bills. Because there could be any number of reasons why plaintiff would want to talk about the bills aside from an objection to the amount (such as discussing a payment plan or discussing whether collection could wait), this testimony does not show that defendant objected to the account that was stated to her.

Because the trial court did not clearly err in making its factual finding that defendant was presented with an account, the next issue to be determined is whether plaintiff could recover on an account-stated claim when he testified that there was never an explicit agreement regarding the exact amount owed by defendant to him. Plaintiff argues that it is immaterial that there was never an agreement, either express or implied, regarding a specific amount because the presence of an account stated does not exclude inquiry into the rectitude of the account. The Supreme Court in *White*, 25 Mich at 467-468, did hold that the conversion of an open account to an account stated "does not necessarily exclude all inquiry into the rectitude of the account" and that the parties could still impeach the account "for fraud or mistake." This Court similarly stated in *Keywell & Rosenfeld*, 254 Mich App at 332, that on remand for a trial on the plaintiff's account-stated claim, the defendant was entitled to challenge certain items listed on the bills.

Plaintiff argues that the account stated in bills and demand letters mistakenly included interest and a double-billing[2] but that these mistakes should not operate to defeat his account-stated claim because, by not objecting to the bills within a reasonable time, defendant impliedly agreed to pay the balance minus the parts of the bills that plaintiff *admits* were mistaken. Because the Supreme Court has held that during the resolution of an account-stated claim, inquiry can be made for bills listed because of fraud or mistake, plaintiff is correct—provided he could show at least an implied agreement by defendant that he could recover the agreed-to amount of the account, minus the amounts that were mistakenly included. There was indeed evidence that defendant impliedly assented to a sum by her failure to object to the amount of the

---

[2] Plaintiff testified that the amount of $58.50 was listed twice and that he deleted one of these amounts because he was concerned that it could have been a double-billing.

account within a reasonable time when presented to her by bills and demand letters from plaintiff such that the trial court correctly held that there was an account stated.

Plaintiff testified on direct examination that on February 7, 2012, a bill was sent to defendant that included the previous balances from the December 8, 2006, bills as well as interest. Plaintiff also testified about demand letters being sent in February and May of 2012. Defendant never denied getting these letters or bills. Defendant's failure to object to these letters or bills sent in 2012 within a reasonable time constituted her implied admission regarding their correctness. The fact that plaintiff acknowledged during litigation that there were certain mistakes in the 2012 bill and letters is simply part of an allowable inquiry into the rectitude of the account and does not defeat plaintiff's claim. See *id*. at 332 n 23. Plaintiff acknowledged that there was not a point in time where defendant indicated that she agreed to pay $56,603.09 (the total amount on the original 2012 bill). However, it is not required that plaintiff present specific evidence of defendant's explicit agreement because the Supreme Court in *Fisher*, 494 Mich at 558-559, stated that a party's assent can be inferred from inaction so as to form an implied contract. The trial court did not err in finding that plaintiff was "entitled to an award on his claim for an account stated in the amount of $27,171.44."

Given our resolution of this issue, we need not address the additional issues raised on appeal.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter