### NALEVAYKO v NALEVAYKO

Docket No. 125437. Submitted June 3, 1992, at Lansing. Decided February 1, 1993, at 9:45 A.M.

Alyce M. Nalevayko was divorced from Donald S. Nalevayko in the Saginaw Circuit Court, Fred J. Borchard, J. The defendant appealed, arguing that the court erred in failing to consider the effects of taxation on his pension, and the plaintiff cross appealed with regard to alimony and attorney fees.

The Court of Appeals *held:*

1. The trial court made sufficiently specific findings of fact. An abuse of discretion per se does not occur where a trial court declines to consider tax consequences in the distribution of marital assets. Equity rather than equality is the test by which a division of property is reviewed, and the property division in this case was equitable.

2. The court did not err with regard to the amount of alimony awarded to the plaintiff and in declining to order the defendant to pay the plaintiff's attorney fees. Furthermore, neither party is entitled to an award of attorney fees incurred on appeal.

Affirmed.

1. DIVORCE — DISTRIBUTION OF MARITAL ASSETS — APPEAL.

Equity rather than equality is the test by which a division of marital assets is reviewed.

2. DIVORCE — DISTRIBUTION OF MARITAL ASSETS — TAX CONSEQUENCES — INCHOATE EXPENSES.

A trial court in a divorce action may consider the effects of taxation, stock brokerage and realtor fees, and other inchoate expenses in distributing the marital assets where it can do so without speculation, but such consideration is not required.

*Stephen A. Seman,* for the plaintiff.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 915, 926, 930.

See ALR Index under Divorce and Separation; Equitable Distribution.

*Christopher A. Picard,* for the defendant.

Before: WEAVER, P.J., and WAHLS and TAYLOR, JJ.

TAYLOR, J. Defendant appeals as of right and plaintiff cross appeals a judgment of divorce. Defendant's appeal centers on his pension, while plaintiff's cross appeal concerns alimony and attorney fees. We affirm.

In view of the fact that defendant agreed below to the coverture factor now challenged on appeal, and in fact used it himself, this issue is not preserved for appellate review.

We disagree with defendant's claim that the trial court's findings of fact were insufficiently specific. The parties may determine the approximate respective values of their individual awards by consulting the verdict along with the valuations to which they stipulated. The trial court's findings of fact are not clearly erroneous, *Beason v Beason,* 435 Mich 791, 805; 460 NW2d 207 (1990), and the proper time for valuation of an asset is within the discretion of the trial court. *Burkey v Burkey (On Rehearing),* 189 Mich App 72, 78; 471 NW2d 631 (1991). Although the division of the property may not have been exactly equal, equity rather than equality is the test. *Thames v Thames,* 191 Mich App 299, 309; 477 NW2d 496 (1991).

Contrary to defendant's claim, an abuse of discretion per se does not occur where a trial court declines to consider tax consequences in the distribution of marital assets. However, if in the opinion of the trial court the parties have presented evidence that causes the court to conclude that it would not be speculating in doing so, it may consider the effects of taxation, stock brokerage and realtor fees, and other inchoate expenses in distributing the assets. See, e.g., *Lesko v Lesko,* 184 Mich App 395, 402; 457 NW2d 695 (1990).

The judgment of divorce in this case does not contain a specific valuation of the pension, which was awarded in its entirety to defendant. Thus we cannot determine with absolute certainty whether the trial court considered defendant's pension at its pretax or posttax value. This, no doubt, is at the heart of defendant's challenge to the specificity of the trial court's factual findings. The court's consideration or lack of consideration of the tax consequences of defendant's receipt of pension benefits is not dispositive in this case, however. It is true that defendant's largest asset will be reduced by an income tax obligation and that plaintiff's assets may not be affected to the same degree. But regardless of which valuation was used, the property division is equitable, and it is therefore affirmed. *Beason, supra; Thames, supra.*

Turning to plaintiff's cross appeal, in light of the record, we cannot say that the trial court abused its discretion in setting the amount of plaintiff's alimony award, *Thames, supra* at 307-308, or in declining to order defendant to pay plaintiff's attorney fees, *Lesko, supra* at 406. Plaintiff does not enjoy the earning power of defendant, yet she does have a job and was awarded real estate with which payment of her own attorney fees could be effectuated.

Plaintiff also contends that she is entitled to attorney fees incurred in her defense of this appeal. We do not, however, see that plaintiff's claims on cross appeal are any more or less meritorious than those raised by defendant in the initial appeal. Neither party is financially comfortable, and given the record before us, we cannot say that an award of attorney fees to plaintiff is necessary. *Stackhouse v Stackhouse,* 193 Mich App 437, 445-446; 484 NW2d 723 (1992).

Affirmed.