*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SANDRA KAY HUGGLER,

        Plaintiff-Appellant,

v

WAYNE ARTHUR HUGGLER,

        Defendant-Appellee.

UNPUBLISHED
June 25, 2019

No. 343904
Alpena Circuit Court
Family Division
LC No. 16-007292-DO

Before: METER, P.J., and JANSEN and M. J. KELLY, JJ.

JANSEN, J. (*dissenting*)

Because I agree with plaintiff, Sandra Kay Huggler, that the trial court erred by failing to consider the tax consequences of the agreed upon property settlement in entering the judgment of divorce, I respectfully dissent.

Under the agreed upon property settlement between the parties, Sandra was to receive $154,618.47 from defendant, Wayne Arthur Huggler, in "Non Retirement Assets." Sandra wanted to receive the entire amount in cash, and Wayne proposed that he pay Sandra $54,618.47 in cash, and offset the remaining $100,000 from the $101,204.03 that Sandra owed him from her retirement assets. Sandra argued that the offset would not equal $100,000 because that amount would be subject to taxes and penalties when she withdrew it from her own retirement account. The trial court accepted Wayne's proposal, declined to consider the tax consequences, and included Wayne's proposal in the judgment of divorce.

Although it is within the trial court's discretion to consider tax consequences, and it is not a per se abuse of discretion where the trial court declines to, *Nalevayko v Nalevayko*, 198 Mich App 163, 164; 497 NW2d 533 (1993), I believe that under the circumstances of this matter, an abuse of discretion occurred. The parties reached the agreed upon property settlement with the expectation that Sandra would receive $154,618.47 because Wayne received a majority of the tax-free assets. Sandra would incur $39,469.57 in taxes and penalties if she immediately withdrew the $101,204.03 from her retirement account, and instead asserts that Wayne should pay her $63,796 to make up for the taxes and penalties. The method of payment proposed by

Wayne, and included in the judgment of divorce, is not the same as a payment or transfer of the money from Wayne. Rather, Wayne has shifted his own tax burden to Sandra on the retirement funds he contributed to, but has not paid taxes on. Contrast this to, for example, a Roth IRA where taxes are paid on contributions in advance. Wayne has not yet paid taxes on his retirement accounts, and by shifting the tax burden to Sandra, Wayne receives a win fall. This method undermines the intent of the parties under the agreed upon property settlement, and resulted in an inequitable division of property. See *Sparks v Sparks*, 440 Mich 141, 151-152; 485 NW2d 893 (1992) (the trial court's ruling should be affirmed unless the division was inequitable). Therefore, it was an abuse of discretion for the trial court to decline to consider the tax consequences when it determined the method of payment for the property settlement included in the judgment of divorce.

Moreover, the trial court abused its discretion in denying Sandra's motion for reconsideration because it was presented with evidence that the tax consequences were reasonably likely to occur. Sandra submitted an affidavit with her motion for reconsideration, attesting that she would incur the taxes and penalties because she planned to withdraw the amount from her retirement account. Therefore, the trial court erred in failing to consider the tax consequences on reconsideration when it was presented with evidence that the tax consequences and penalties were reasonably likely to occur, and not mere speculation.

/s/ Kathleen Jansen