WELLING v WELLING

Docket No. 203654. Submitted December 2, 1998, at Grand Rapids. Decided February 5, 1999, at 9:00 A.M.

Barbara Welling was granted a judgment of divorce from Michael D. Welling in the Montcalm Circuit Court, Edward L. Skinner, J. The court, after finding that the defendant's conduct resulting from his drinking problem contributed to the breakdown of the marriage and that the defendant had significantly greater earning capacity than the plaintiff, awarded the plaintiff approximately sixty percent of the marital estate and entered an order of temporary alimony that was reviewable on any significant change in the plaintiff's circumstances. The defendant appealed.

The Court of Appeals *held*:

1. Contrary to the defendant's assertion, the trial court did not consider the fact that he was an alcoholic when determining fault for the purpose of the division of the marital estate; rather, the court found that the defendant's conduct that resulted from his drinking, not the defendant's status as an alcoholic, contributed to the breakdown of the marriage. That finding of the court was amply supported by uncontroverted evidence on the record.

2. The determination of fault, as one of the factors to be considered in fashioning a proper division of a marital estate, should include an examination of the conduct of the parties during the marriage, *i.e., whether the conduct of one party was a significantly* greater cause of the breakdown of the marriage than the conduct of the other party. Causal fault can be found irrespective of whether the conduct causing the breakdown of the marriage was intentional or wrongful.

3. The court did not err in finding that the defendant's drinking-related behavior led to the breakdown of the marriage or in considering that behavior and its effect in the division of the marital estate. The court's division of the marital estate and the granting of temporary alimony was fair and equitable under the circumstances.

Affirmed.

DIVORCE — MARITAL ESTATE — FAULT — ALCOHOL-RELATED BEHAVIOR — INTEN-
TIONAL OR WRONGFUL CONDUCT.

A court in considering the question of fault in the breakdown of a
marriage for the purpose of the division of the marital estate may
consider the effect on the marriage of conduct that resulted from a
party's consumption of alcohol; such conduct does not have to be
intentional or wrongful to be considered in the determination of
fault in the breakdown of the marriage if the conduct contributed
to the breakdown.

*Moore & Simon, P.C.* (by *Charles W. Simon, III*),
for the plaintiff.

*G. R. Pete Frye*, for the defendant.

Before: GRIFFIN, P.J., and NEFF and BANDSTRA, JJ.

PER CURIAM. Defendant appeals as of right from the
trial court's judgment of divorce. We affirm.

On appeal, defendant disputes the amount of ali-
mony awarded to plaintiff and claims that the trial
court's division of the parties' marital estate was ineq-
uitable and unfair. Specifically, defendant claims that
the trial court erred in determining that his alcohol
problems constituted marital fault. We disagree.

The standard of review in a divorce action has been
stated in *Draggoo v Draggoo*, 223 Mich App 415, 429-
430; 566 NW2d 642 (1997):

> In a divorce case, this Court must first review the trial
> court's findings of fact regarding the valuations of particular
> marital assets under the clearly erroneous standard. A find-
> ing is clearly erroneous if, after a review of the entire
> record, the reviewing court is left with the definite and firm
> conviction that a mistake has been made. This Court gives
> special deference to a trial court's findings when they are
> based on the credibility of the witnesses. If the trial court's
> findings of fact are upheld, this Court must decide whether
> the dispositive ruling was fair and equitable in light of those
> facts. The dispositional ruling is discretionary and should

be affirmed unless this Court is left with the firm conviction that the division was inequitable. [Citations omitted.]

When apportioning a marital estate, the trial court's goal is to reach an equitable division in light of all the circumstances. *Byington v Byington*, 224 Mich App 103, 114; 568 NW2d 141 (1997). While each spouse need not receive a mathematically equal share, any significant departures from congruence must be explained clearly by the court. *Id.* at 114-115. "When dividing the estate, the court should consider the duration of the marriage, the contribution of each party to the marital estate, each party's station in life, each party's earning ability, each party's age, health, and needs, fault or past misconduct, and any other equitable circumstance." *Id.* at 115. Although the significance of these factors will vary depending on the facts of a given case, each factor need not be given equal weight where the circumstances dictate otherwise. *Id.*

In the instant case, the trial court found that defendant's conduct as a result of his drinking problem contributed to the breakdown of the parties' marriage. Defendant did not dispute the accuracy of plaintiff's testimony. Instead, defendant asserts that the trial court improperly considered the fact that he was an alcoholic when determining marital fault. However, the trial court clearly referred to defendant's *behavior* while drinking, not to his status as an alcoholic. At times during the parties' marriage, defendant would become so intoxicated that he would urinate on himself and all over the house, ruining the parties' furniture and the floors. Defendant, on a daily basis, would drink until he passed out. Plaintiff testified that she could not communicate with

defendant while he was drunk. She testified that she lost sleep, worrying because defendant would leave cigarettes burning and leave the furnace door open. Furthermore, plaintiff testified that defendant was verbally abusive to her and to the children. The trial court's determination of fault was based on evidence relating to defendant's behavior while he was drinking, and defendant was not determined to be at fault merely because he was an alcoholic. We conclude that the trial court did not clearly err in finding that defendant was at fault in this regard. This finding was based on ample evidence that defendant's daily behavior while he was intoxicated was not conducive to maintaining a healthy marriage.

While conceding that his conduct while inebriated was "unfortunate and embarrassing," defendant argues that it "does not reflect any intentional, wrongful conduct." We find this argument inapposite to the analysis of fault required by *Sparks v Sparks*, 440 Mich 141; 485 NW2d 893 (1992). In determining "fault" as one of the factors to be considered when fashioning property settlements, courts are to examine "the conduct of the parties during the marriage." *Id.* at 157. The question here is whether one of the parties to the marriage is more at fault, in the sense that one of the parties' conduct presented more of a reason for the breakdown of the marital relationship than did the conduct of the other. Clearly, defendant's conduct in this case, as outlined above, did present a greater reason for the breakdown of the relationship. This is the obvious conclusion even if we assume that defendant's behavior was not "intentional" or "wrongful." The effect of the conduct on plaintiff and the

marital relationship was highly detrimental, regardless of the reasons behind it.

Because we believe that the trial court did not clearly err in considering that defendant's drinking-related behavior led to the breakdown of the parties' marriage, the question becomes whether the trial court's dispositive ruling was fair and equitable in light of its findings of fact. In this regard, defendant argues that the trial court gave "inordinately excessive weight" to his drinking-related behavior in determining the division of the marital estate. See *Sparks, supra* at 158. We disagree. Before making its dispositive ruling, the trial court examined a number of factors in addition to that behavior. The trial court recognized the length of the parties' marriage, almost twenty years at the time of trial, the vast difference in the parties' present earnings, the fact that plaintiff had been out of the full-time work force for the majority of the parties' marriage in order to raise their children, the fact that plaintiff needed to secure health insurance for herself after the divorce, and the fact that plaintiff had been struggling to make ends meet since the divorce with the temporary alimony and child support payments that defendant had been providing.

Furthermore, the trial court considered plaintiff's relatively young age (she was thirty-seven years old) when determining that the alimony payments were *temporary* and reviewable on any significant changes in her circumstances (or when the youngest child, who was fourteen at the time of the divorce proceedings, attained the age of eighteen). The record indicated that plaintiff was attempting to locate a better job in an area with a higher than average unemploy-

ment rate. Plaintiff had taken the postal exam and was scheduled to take the civil service examination on the day following trial. The trial court noted that if plaintiff obtained a well-paid job that defendant could "be back in here in two weeks as soon as she firms out the job."

Therefore, in light of defendant's behavior while he was drinking and the vast difference in the parties' earning capacity, we do not believe that the trial court's awarding plaintiff sixty percent of the parties' assets was inequitable. Because the trial court considered the various *Byington* factors when making its dispositive ruling, we conclude that the trial court's decision regarding the parties' division of assets and the temporary alimony payments was fair and equitable.

We affirm.