*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GARY ALPERT,

        Plaintiff-Appellant,

v

IRIS LIS ALPERT,

        Defendant-Appellee.

UNPUBLISHED
April 15, 2021

No. 351435
Berrien Circuit Court
LC No. 18-003437-DM

Before: SHAPIRO, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Plaintiff, Gary Alpert, appeals as of right the judgment of divorce ending his marriage with defendant, Iris Lis Alpert. For the reasons stated in this opinion, we reverse and remand for the trial court to make the requisite findings of fact on the record regarding division of property, spousal support, and child support and enter an appropriate judgment based upon its findings of fact and conclusions of law.

## I. FACTUAL BACKGROUND

Plaintiff and defendant formed a common-law marriage in Canada in 2002, during which they had two children. In 2006, the parties married in Rhode Island. Shortly thereafter, defendant stopped working, and the parties had a third child. The parties lived in Rhode Island for an extended period before plaintiff took a job and moved to Michigan. Defendant and the children followed plaintiff to Michigan and the parties purchased a second house. The parties leased their Rhode Island house for $2,600 per month which paid the approximate $1,600 monthly expenses associated with that house, leaving about $1,000 per month which plaintiff deposited into a business checking account to which only he had access.

Plaintiff later filed for divorce. Plaintiff moved to Illinois for a new job and took money out of accounts to fund his transition to his new job and location. Defendant took a job as a hostess at a restaurant. The parties engaged in three unsuccessful mediation sessions except that the parties were able to resolve and determine the custody arrangement for the children and agreed that plaintiff would pay child support. The parties requested that the trial court determine the amount

of child support, including the amount at which to set the parties' incomes. Defendant requested that the trial court order plaintiff to pay spousal support, and plaintiff requested that the trial court deny defendant's request. The parties also requested that the trial court divide their marital property, which included their two houses, checking accounts, retirement and investment accounts, and debt. The trial court held a bench trial at which plaintiff and Jill Cardenas, the domestic investigator who calculated the Friend of the Court recommendation for child support, testified. At trial, plaintiff disputed the amount at which Cardenas had set his and defendant's income. After the bench trial, the trial court requested that the parties submit their proposed findings of fact and conclusions of law along with a proposed divorce judgment. The trial court also ordered Cardenas to submit an amended Friend of the Court recommendation which lowered plaintiff's income to account for the expenses associated with the Rhode Island rental property.

In the judgment of divorce, the trial court ordered plaintiff to pay child support and spousal support. The trial court awarded the Michigan house to defendant and ordered the parties to split the accrued equity in the Rhode Island rental property. The trial court ordered the parties to equally divide the money in their children's recently opened bank accounts. The trial court awarded the parties' other bank accounts to plaintiff, but ordered plaintiff to use that money to pay the parties' debts. The trial court also ordered the parties to divide their retirement and investment accounts. Plaintiff now appeals.

## II. ANALYSIS

Plaintiff first argues that the trial court inequitably divided the marital estate, specifically its division of the equity in their two houses. For the reasons set forth in this opinion, because the trial court failed to make adequate findings of fact on the record regarding the division of the marital property, we cannot determine whether it failed to equitably divide it.

"In granting a divorce judgment, the trial court must make findings of fact and dispositional rulings." *Reed v Reed*, 265 Mich App 131, 150; 693 NW2d 825 (2005). We review for clear error a trial court's factual findings in a divorce action related to the division of marital property. *Cunningham v Cunningham*, 289 Mich App 195, 200; 795 NW2d 826 (2010). "A finding is clearly erroneous if we are left with a definite and firm conviction that a mistake has been made." *Id*. "If this Court upholds the trial court's findings of fact, it must then decide whether the dispositional ruling was fair and equitable in light of those facts." *Reed*, 265 Mich App at 150 (citation omitted). "The trial court's dispositional ruling is discretionary and will be affirmed unless this Court is left with the firm conviction that it was inequitable." *Id*.

"In dividing marital assets, the goal is to reach an equitable division in light of all the circumstances." *McNamara v Horner*, 249 Mich App 177, 188; 642 NW2d 385 (2002) (citation omitted). "While each spouse need not receive a mathematically equal share, any significant departures from congruence must be explained clearly by the court." *Welling v Welling*, 233 Mich App 708, 710; 592 NW2d 822 (1999) (citation omitted). "When dividing the estate, the court should consider the duration of the marriage, the contribution of each party to the marital estate, each party's station in life, each party's earning ability, each party's age, health, and needs, fault or past misconduct, and any other equitable circumstance." *Id*. (quotation marks and citation omitted). "Although the significance of these factors will vary depending on the facts of a given case, each factor need not be given equal weight where the circumstances dictate otherwise." *Id*.

Additionally, MCR 2.517(A)(1) provides that "[i]n actions tried on the facts without a jury or with an advisory jury, the court shall find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment." "Brief, definite, and pertinent findings and conclusions on the contested matters are sufficient, without over elaboration of detail or particularization of facts." MCR 2.517(A)(2).

In this case, in the judgment of divorce, the trial court valued the Michigan house at $325,000 with a mortgage debt of $260,000, yielding $65,000 net equity. The trial court awarded defendant the house and ordered that she refinance its debt within 12 months. In the event that she could not refinance, the trial court ordered her to sell the house, keep the first $65,000 of the proceeds but split with plaintiff any proceeds in excess of that amount. The trial court valued the Rhode Island rental property at $309,000 with a mortgage debt of $161,000, yielding a net equity of $148,000 which the trial court required the parties to split. The trial court ordered plaintiff to pay defendant $74,000 within 12 months of entry of the judgment of divorce. Under the terms of the judgment of divorce, therefore, defendant received the Michigan house's equity of $65,000 plus $74,000 of the Rhode Island rental property's equity, equaling $139,000 in home equity. Plaintiff received $74,000 of the Rhode Island rental property's equity. Looking solely at the real property split, the trial court did not equally distribute the accrued equity between the parties. The trial court provided no explanation for its decision in this regard, either during the divorce trial or in the judgment of divorce itself.

The parties' houses were not the only marital property over which the parties disputed how to divide it. The parties disagreed on how the trial court should divide their checking accounts, retirement and investment accounts, as well as determine who would pay their outstanding marital debts. The record lacks clarity regarding how and why the trial court decided the marital property division as it did.

In the judgment of divorce, after dividing the parties' real properties as described above, the trial court awarded each of the parties their respective miscellaneous personal property according to boilerplate language which stated among other provisions[1] that each party be awarded cash in their possession or deposited in their personal bank accounts, their personal IRA and 401(k) accounts, their pension or retirement plans, and insurance policies. These provisions provided no specific factual findings of valuation of the awarded items.

Respecting their bank accounts, the judgment of divorce ordered that the children's bank accounts totaling $11,211 be equally divided between plaintiff and defendant and authorized them to each decide how to manage the proceeds. The trial court awarded plaintiff the business bank account to which plaintiff had sole control and deposited the rental property proceeds having a balance of $4,531. The trial court also awarded plaintiff the parties' joint bank account balance of around $2,420. The trial court, however, ordered plaintiff to pay the parties' joint credit card debts with those bank account funds. The trial court provided no explanation for its decision in this regard either during the divorce trial or in the judgment of divorce itself.

---

[1] This section of the judgment of divorce awarded each party the motor vehicle they routinely drove.

-3-

In the judgment of divorce, the trial court ordered in a separate section entitled "Alimony/Spousal Support," that plaintiff shall pay spousal support consistent with an attached Uniform Spousal Support Order incorporated by reference. The attached order provided that plaintiff must pay defendant $1,519 per month for a period of five years for a total of $91,140. The judgment of divorce, however, also provides in the "Payment of Debts" section that:

> In lieu of any award of spousal support payable to Defendant, Iris Alpert, Plaintiff, Gary Alpert, shall pay all marital debt, including credit cards and medical debt for the parties and the minor children accrued through entry date of this Judgment. . . .

The provision specified three credit card debts totaling $6,658, employer tuition reimbursement totaling $1,776 owed by plaintiff to his former employer, and an $8,000 medical debt related to one of the parties' daughter's medical treatment, altogether totaling $16,434. It is unclear whether the trial court intended that plaintiff could pay off the marital debts in lieu of making some or all of his monthly spousal support payments. The trial court did not clarify or reconcile the apparent conflicting spousal support provisions either during the divorce trial or in the judgment of divorce itself.

Based on the parties' agreement at mediation and confirmed at the trial, the trial court found plaintiff entitled to retain $17,000 of premarital funds and ordered in the judgment of divorce that such funds not be divided as part of the marital property division.[2] Respecting the parties' three investment accounts each having a balance of $13,000 and totaling $39,000, the trial court ordered in the judgment of divorce that the parties divide the investment accounts equally.

In the section of the judgment of divorce entitled "Pension, Annuity or Retirement Benefits," the trial court identified three retirement accounts with specified pretax balances, a Roth IRA account held by plaintiff, and a Roth IRA account held by defendant, each with specified account balances. The combined total value of these accounts equaled $224,610. The trial court ordered that those accounts be divided by December 31, 2019. The trial court did not specify that the accounts' balances be divided equally or that another manner of division be implemented to divide the property.

In summary, under the terms of the judgment of divorce, the trial court appears to have ordered division of the marital assets as follows:

---

[2] The judgment of divorce does not specify how the $17,000 had been held, whether invested or in an account, nor did the judgment of divorce set forth from where plaintiff would take such premarital funds to segregate them from the marital property. Defendant submitted proposed findings of fact to the trial court in which she asserted that plaintiff took $17,000 from a bank account and used it, but also stated that the parties had agreed in mediation that the parties' three investment accounts having a combined value of $39,000 consisted of $17,000 of plaintiff's separate nonmarital property and $22,000 marital property to be divided equally. In the judgment of divorce, the trial court did not make such factual findings nor explained its reasoning.

-4-

| Marital Asset | Value | Plaintiff | Defendant |
|---|---|---|---|
| MI house equity | $65,000 | $0 | $65,000 |
| RI rental equity | $148,000 | $74,000 | $74,000 |
| Retirement accounts | $224,610 | $112,305 | $112,305 |
| Bank accounts | $6,951 | $6,951 | $0 |
| Children bank accounts | $11,211 | $5,605.50 | $5,605.50 |
| Investment accounts | $39,000 | $19,500 | $19,500 |
| Subtotal | $494,772 | $218,362.50 | $276,410.50 |
| Marital Debt Allocation | | Plaintiff | Defendant |
| Credit cards | $6,658 | $6,658 | $0 |
| Tuition reimbursement | $1,776 | $1,776 | $0 |
| Child medical expense | $8,000 | $8,000 | $0 |
| Debt total | $16,434 | $16,434 | $0 |
| **Final distribution of marital estate** | | $210,928.50 | $276,410.50 |

From this analysis, one may conclude that the trial court did not equally divide the marital estate largely because the trial court ordered defendant to receive $65,000 more in home equity and allocated to plaintiff all of the parties' marital debt. Under the terms of the judgment of divorce, plaintiff received approximately 43% of the value of the marital estate; whereas, defendant received nearly 57%.

The trial court was not required to divide the marital property into equal portions, but it had the obligation to make "an equitable division in light of all the circumstances." *McNamara*, 249 Mich App at 188. In *Jansen v Jansen*, 205 Mich App 169, 171; 517 NW2d 275 (1994) (quotation marks and citations omitted), this Court explained that an "equitable distribution of marital assets means that they will be roughly congruent. Any significant departure from that goal should be supported by a clear exposition of the trial court's rationale."

In this case, the trial court, although required to do so, failed to explain its departure from congruence. See *Byington v Byington*, 224 Mich App 103, 114-115; 568 NW2d 141 (1997). The trial court provided no explanation when rendering its decision regarding the division of the marital assets and debts. See *id*. at 116. One can infer that it derived the values of marital property from submissions by the parties. The record, however, does not reflect that the trial court considered as part of its decision-making the requisite factors like the length of the parties' marriage, each parties' contribution to the marital estate, each parties' life station, the parties' respective earning capacity, fault, or the parties' ages, health, or needs, even though some evidence in the record

existed regarding those factors. See *Welling*, 233 Mich App at 710. Although the trial court was not required to explain its findings in particularized detail, it should have at least provided brief and definitive findings of facts and conclusions of law supporting its decisions. MCR 2.517(A)(1) and (2). Therefore, we remand this case to the trial court to make the requisite factual findings and express its rationale regarding its marital property division. See *Woodington v Shokoohi*, 288 Mich App 352, 369; 792 NW2d 63 (2010); *McNamara*, 249 Mich App at 186-187.

Plaintiff argues next that the trial court failed to make the requisite findings of fact regarding the spousal-support award. We agree.

We review for an abuse of discretion a trial court's decision to award spousal support. *Gates v Gates*, 256 Mich App 420, 432; 664 NW2d 231 (2003). We "review the trial court's findings of fact concerning spousal support for clear error." *Id.* "The findings are presumptively correct, and the burden is on the appellant to show clear error." *Id.* "A finding is clearly erroneous if we are left with a definite and firm conviction that a mistake has been made." *Id.* at 432-433. "If the trial court's findings are not clearly erroneous, [we] must then decide whether the dispositional ruling was fair and equitable in light of the facts." *Id.* at 433 (quotation marks and citation omitted; alteration in original). "The trial court's decision regarding spousal support must be affirmed unless we are firmly convinced that it was inequitable." *Id.*

"The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished, and spousal support is to be based on what is just and reasonable under the circumstances of the case." *Richards v Richards*, 310 Mich App 683, 691; 874 NW2d 704 (2015) (citation omitted). The following factors should be weighed by the trial court when considering an award of spousal support:

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity. [*Id.* (quotation marks and citation omitted).]

"The trial court should make specific factual findings regarding the factors that are relevant to the particular case." *Loutts v Loutts*, 298 Mich App 21, 32; 826 NW2d 152 (2012) (quotation marks and citation omitted).

In this case, the trial court ordered plaintiff to pay defendant $1,519 per month for five years in spousal support. The trial court, however, failed to make the requisite record indicating consideration and weighing of the relevant factors. See *id.* The record contains some evidence regarding the parties' past conduct and relations, their ages, their health, their standard of living, their contributions to the marital estate, and fault, but the trial court made no record of having considered the evidence or of having made any findings respecting those facts. Nor does the record indicate that the trial court weighed the relevant factors as part of its decision to award defendant

spousal support. See *Richards*, 310 Mich App at 691. The trial transcript reveals that the parties disputed the length of their marriage, the degree to which defendant could work and the amount of income she could earn from her labor, plaintiff's ability to pay, and defendant's needs. The trial court, however, made no findings of fact regarding those specific disputed issues, all of which are relevant in considering the factors for its determination of the amount and duration of spousal support awarded to defendant. See *id*. The trial court's findings were not required to be extensive, but its findings, if any, should have been present in the record. See MCR 2.517(A)(1) and (2).

Further, although defendant argues that the trial court could avoid placing its findings on the record, her argument fails for two reasons. First, defendant's contention is based on the assertion that the parties agreed that the trial court did not need to place its findings on the record. The record, however, does not indicate that the parties so stipulated. The record indicates instead that the parties agreed to truncate the bench trial. Additionally, although the trial court requested that the parties each submit their proposed findings of fact and conclusions of law along with a proposed judgment, the trial court also indicated that it intended to craft an opinion to accompany the divorce judgment. The record does not contain such opinion. Second, none of the authority that defendant relies upon stands for the proposition that the parties may agree that the trial court can decline to make any findings regarding its spousal-support award or the relevant and disputed spousal-support factors. Therefore, we remand this case to the trial court to make the requisite factual findings regarding spousal support.

Plaintiff argues next that the trial court clearly erred in its determination regarding the parties' incomes for spousal and child support purposes. Because the trial court failed to make the requisite findings of fact regarding child and spousal support, we are unable to fully address this claim of error.

We review for an abuse of discretion child-support orders. *Peterson v Peterson*, 272 Mich App 511, 515; 727 NW2d 393 (2006). "Whether the trial court properly applied the Michigan Child Support Formula (MCSF) to the facts of the case is a question of law that this Court reviews de novo." *Borowsky v Borowsky*, 273 Mich App 666, 672; 733 NW2d 71 (2007) (citation omitted). "According to the 2004 Michigan Child Support Formula Manual, the first step in determining a child-support award is to ascertain each parent's net income by considering all sources of income." *Stallworth v Stallworth*, 275 Mich App 282, 284; 738 NW2d 264 (2007). "In general, this is determined by ascertaining the actual resources of each parent." *Id*. (quotation marks and citation omitted). However, the "trial court has the discretion to impute income when a parent voluntarily reduces or eliminates income or when it finds that the parent has a voluntarily unexercised ability to earn." *Id*. at 286-287.

> When deciding whether to impute income to an individual, a trial court must consider the following factors: employment experience, educational level, physical and mental disabilities, whether the parties' children reside in the individual's home, availability of employment, wage rates, special skills and training, and whether the individual can actually earn the imputed income. [*Id*. at 286.]

"The voluntary reduction of income may be considered in determining the proper amount of alimony." *Moore v Moore*, 242 Mich App 652, 655; 619 NW2d 723 (2000) (citation omitted).

"If a court finds that a party has voluntarily reduced the party's income, the court may impute additional income in order to arrive at an appropriate alimony award." *Id.*

Plaintiff argues that the trial court relied on Cardenas's testimony and the Friend of the Court recommendation to determine his income for spousal and child support. Plaintiff also contends that Cardenas's findings and calculations regarding his income were mathematically flawed. Because the trial court failed to place its findings on the record regarding spousal and child support, the extent to which the trial court relied on Cardenas's testimony and the Friend of the Court recommendation lacks clarity. Additionally, we are unable to discern the amount at which the trial court set plaintiff's income.

Plaintiff also argues that the trial court clearly erred by failing to impute additional income to defendant because defendant had a greater earning ability than her actual income. The record, however, is unclear regarding the amount at which the trial court set defendant's income for spousal and child support purposes or its rationale for such amount. The trial court appears to have simply entered a uniform spousal-support order and a uniform child-support order without setting forth on the record its findings of fact and conclusions of law. Therefore, we remand to the trial court to make findings on the record regarding spousal and child support which should include determination of the parties' respective actual incomes, as well as whether income should be imputed to either or both of the parties.

Plaintiff argues next that the trial court clearly erred by ordering him to pay the parties' marital debts in lieu of paying spousal support while also ordering plaintiff to pay spousal support. Plaintiff's argument has merit because of the self-contradictory aspects of the judgment of divorce and the trial court's lack of setting forth on the record its findings of fact and conclusions of law in this regard. The trial court failed to explain these aspects of its judgment and we are only left to speculate as to the justification for the provisions. Because we remand this case for further proceedings consistent with our rulings herein, the trial court should also endeavor to clarify on the record its decision in this regard.

To the extent that plaintiff challenges the trial court's decision to have him pay both the marital debt and spousal support, plaintiff is correct that trial courts should consider the property awarded to the parties and other general equity principles when determining the spousal-support award. See *Loutts*, 298 Mich App at 31. It is unclear from the record in this case whether the trial court considered its division of the marital estate, specifically plaintiff's responsibility for the parties' debts, when ordering plaintiff to also pay spousal support. The trial court failed to provide its reasoning and evaluate the relevant factors behind its division of the marital estate and its spousal-support award, which interferes with our ability to determine whether the trial court equitably divided the marital estate, see *McNamara*, 249 Mich App at 188, and whether it made a just and fair spousal-support award. See *Richards*, 310 Mich App at 693. Therefore, remand is appropriate in this case for the trial court to make the requisite findings regarding the division of property and spousal support. See *McNamara*, 249 Mich App at 186.

Plaintiff also argues that the trial court clearly erred by failing to clarify how the parties were to divide their retirement accounts. We agree.

In § 6.06 of the divorce judgment, the trial court listed the parties' five retirement accounts, their balances, and the account holder. The trial court ordered that the accounts be divided by December 31, 2019. However, the trial court failed to explain how the retirement accounts should be divided. Remand is necessary so that the trial court can clarify how the parties are to divide their retirement accounts.

Reversed and remanded for further proceedings consistent with this opinion. On remand, the trial court shall make the requisite findings of fact on the record regarding division of property, spousal support, and child support and enter an appropriate judgment based upon its findings of fact and conclusions of law. If the trial court determines that further briefing or the submission of additional evidence by the parties would assist it, the trial court, in its sole discretion, may order the parties to do so. We retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Mark J. Cavanagh
/s/ James Robert Redford

# Court of Appeals, State of Michigan

## ORDER

Gary Alpert v Iris Lis Alpert

Docket No. 351435

LC No. 18-003437-DM

Douglas B. Shapiro
Presiding Judge

Mark J. Cavanagh

James Robert Redford
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 21 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court shall make the requisite findings of fact on the record regarding division of property, spousal support, and child support and enter an appropriate judgment based upon its findings of fact and conclusions of law. If the trial court determines that further briefing or the submission of additional evidence by the parties would assist it, the trial court, in its sole discretion, may order the parties to do so. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

/s/ Douglas B. Shapiro

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

April 15, 2021
Date

Chief Clerk