*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GARY ALPERT,

        Plaintiff-Appellant,

v

IRIS LIS ALPERT,

        Defendant-Appellee.

UNPUBLISHED
July 7, 2022

No. 351435
Berrien Circuit Court
LC No. 18-003437-DM

AFTER REMAND

Before: SHAPIRO, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

This case returns to this Court after we reversed and remanded for the trial court to make the requisite findings of fact on the record regarding division of property, spousal support, and child support and enter an appropriate judgment based upon its findings of fact and conclusions of law. The trial court having done so, we affirm.

## I. FACTUAL BACKGROUND

We incorporate by reference the factual background stated in our previous opinion. *Alpert v Alpert*, unpublished per curiam opinion of the Court of Appeals issued April 15, 2021 (Docket No. 351435). The record indicates that after remand the trial court held a hearing at which plaintiff asserted several deficiencies in the judgment of divorce resulting from an alleged inaccurate calculation of the amount of plaintiff's income and failure to consider payments plaintiff made for marital housing expenses and rental property expenses during the pendency of the divorce proceedings. Defendant responded that plaintiff had opportunity to raise the issues at trial but failed to do so. The Friend of Court representative advised the court that household bills were not considered for child support recommendation purposes, but she advised that the rental property household bills had been subtracted from the monthly rental income. She also clarified that plaintiff's income had been calculated using his bimonthly check stub based on his two-week pay period at his place of employ. Plaintiff objected to the calculation's accuracy. The trial court indicated that it would fulfill its responsibilities as defined by this Court's remand order by

-1-

reviewing the record carefully and specifying for the record its specific findings, then deal with other postjudgment issues another time. The trial court held another hearing later at which it considered the parties' respective proposed amended judgment of divorce.

The trial court separately made written findings of facts which it entered on the record. The court stated the parties' real property values and net equity for each, and calculated the net income from rental of the Rhode Island rental property. The court reflected upon plaintiff's equivocal testimony at trial and noted that plaintiff had removed significant amounts of money from various accounts depleting them during the pendency of the case to fund his transition and relocation to his new job. The trial court stated that it made its findings based upon analysis of the *Sparks* factors[1] for determining an equitable distribution of the marital estate.

The trial court set forth its findings regarding the duration of the marriage. It noted that the parties disagreed regarding the beginning of their marriage, plaintiff opting for the shortest period commencing when the parties married in 2006 in Rhode Island. The trial court reflected on plaintiff's trial testimony in which he admitted that the parties lived together in Canada as husband and wife since 2002, had filed joint tax returns there and claimed financial benefits attributable to marriage, and had their first child in 2004. The trial court, therefore, found plaintiff's 2006 claimed date of the marriage untruthful and declined to use the 2006 date because doing so "clearly is not equitable."

The trial court made findings regarding each of the relevant *Sparks* factors. Among other things, the court analyzed the parties' respective earning abilities. The court found that plaintiff is gainfully employed in Illinois and earns approximately $110,000 annual income; whereas, defendant earned approximately minimum wage from work at a local Michigan restaurant. The court found that defendant had not participated meaningfully in the workforce for the previous decade because she had served primarily as a stay-at-home parent providing primary care for the parties' three minor children. Based on her education, work history, absence from the workforce, it was unlikely that defendant could reach income parity with plaintiff within a reasonable timeframe. The trial court considered general principles of equity and expressed that its task of making an equitable distribution had been challenged by credibility and reliability issues arising from the inability to ascertain definitive answers from plaintiff during his trial testimony regarding the marital estate's factual value.

In its finding of fact, the trial court awarded that the parties' Michigan home to defendant and ordered her to refinance its debt, and if she could not refinance, then the home must be sold and the net equity equally divided between the parties. The trial court ordered that the Rhode Island rental property be sold with the parties equally dividing the net proceeds. The court awarded defendant 50% of the marital portion of all identified investment accounts except $17,000 pursuant to the parties' agreement that such amount was not a marital asset. The court assigned to plaintiff the marital debt based on plaintiff's acknowledgment that defendant could not satisfy any of the debt. The court noted that significant joint marital accounts had been depleted by plaintiff to pay debts which reduced what would have been marital debt obligations. The court assigned the parties' money in bank accounts to plaintiff to assist his payment of marital debts which the court

---

[1] *Sparks v Sparks*, 440 Mich 141; 485 NW2d 893 (1992).

found were primarily attributable to plaintiff. The trial court stated the final property distribution as follows: $210,927.50 to plaintiff (44.134%); $276,410.50 to defendant (55.866%). The court found that the amounts awarded were roughly congruent based upon the facts and circumstances of the case.

The trial court also considered and applied thirteen factors for its determination of spousal support. The trial court did not reference or cite a specific case in relation to its spousal support analysis. The court found justification for awarding defendant spousal support based upon the facts of the case but concluded that plaintiff could offset his spousal support obligation by providing verification of payment of joint marital debt. The trial court also set the child support in the amount recalculated by the Friend of Court representative consistent with the Michigan Child Support Guidelines. The trial court found that evidence did not support imputation of earnings to defendant. The court ordered the parties each responsible for their respective attorney fees and that the parties shall retain personal property in their respective possession.

In conjunction with the entry of an amended judgment of divorce, the trial court entered a uniform spousal support order that ordered plaintiff to pay defendant spousal support in the same amount for the same duration as its previous order, $1,519 per month from October 23, 2019 to October 1, 2024, or until $91,140 is paid, but modified its previous uniform spousal support order to provide that the amount could be offset by verified joint debt paid by plaintiff. In its amended judgment of divorce, the trial court incorporated by reference the revised spousal support order.

The trial court entered a new uniform child support order the same as its previous order. In its amended judgment of divorce, the trial court incorporated by reference its previous child support order which applied both parties' actual verified earnings. The court declined to impute income to defendant there being no evidence that defendant worked beneath her present earning capacity or depressed her earnings. The court noted that neither party submitted documented child care needs.

Although the parties' rental property in Rhode Island had been sold in 2021, in its amended judgment of divorce, the trial court ordered that the property be listed for sale and the net proceeds, after payment of the various fees and costs as listed on the seller's closing statement, be equally divided between the parties. The court ordered in the amended judgment of divorce that the marital home located in Michigan be awarded to defendant but ordered her to refinance the mortgage and if unable to do so to sell the property and equally divide between the parties the net proceeds, after payment of the various fees and costs as listed on the seller's closing statement.

## II. STANDARDS OF REVIEW

"In granting a divorce judgment, the trial court must make findings of fact and dispositional rulings." *Reed v Reed*, 265 Mich App 131, 150; 693 NW2d 825 (2005). This Court reviews for clear error a trial court's factual findings in a divorce action related to the division of property. *Cunningham v Cunningham*, 289 Mich App 195, 200; 795 NW2d 826 (2010). "A finding is clearly erroneous if we are left with a definite and firm conviction that a mistake has been made." *Id*. "If this Court upholds the trial court's findings of fact, it must then decide whether the dispositional ruling was fair and equitable in light of those facts." *Reed*, 265 Mich App at 150. "The trial court's dispositional ruling is discretionary and will be affirmed unless this Court is left with the firm

conviction that it was inequitable." *Id*. In a divorce action, this Court gives special deference to a trial court's findings when based on the credibility of the witnesses. *Draggoo v Draggoo*, 223 Mich App 415, 429; 566 NW2d 642 (1997); see also *Cassidy v Cassidy*, 318 Mich App 463, 477; 899 NW2d 65 (2017).

"It is within the trial court's discretion to award spousal support, and we review a spousal support award for an abuse of discretion." *Loutts v Loutts*, 298 Mich App 21, 25; 826 NW2d 152 (2012) (citations omitted). "We also review for an abuse of discretion a trial court's decision whether to impute income to a party." *Id*. at 25-26 (citation omitted). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Id*. at 26 (quotation marks and citation omitted). "We review for clear error the trial court's factual findings regarding spousal support." *Id*. (citation omitted).

## III. ANALYSIS

"In dividing marital assets, the goal is to reach an equitable division in light of all the circumstances." *McNamara v Horner*, 249 Mich App 177, 188; 642 NW2d 385 (2002). "While each spouse need not receive a mathematically equal share, any significant departures from congruence must be explained clearly by the court." *Welling v Welling*, 233 Mich App 708, 710; 592 NW2d 822 (1999). "When dividing the estate, the court should consider the duration of the marriage, the contribution of each party to the marital estate, each party's station in life, each party's earning ability, each party's age, health, and needs, fault or past misconduct, and any other equitable circumstance." *Id*. (quotation marks and citation omitted). "Although the significance of these factors will vary depending on the facts of a given case, each factor need not be given equal weight" when the circumstances dictate otherwise. *Id*. "The trial court must consider all relevant factors but not assign disproportionate weight to any one circumstance." *Cassidy*, 318 Mich App at 477 (quotation marks and citation omitted).

Plaintiff first argues that the trial court rendered an inequitable and incongruent property division respecting the parties' real property. We disagree.

After reviewing the record, we are not convinced that the property distribution is unfair or inequitable. The trial court's findings of fact indicate that the court properly considered the record evidence and applied the *Sparks* factors for its property distribution. On remand, the trial court did not reopen proofs and properly relied on the record before it. Respecting the real property division, the record indicates that the parties did not dispute the values attributed to the two real properties. The record reveals that the trial court considered all the relevant factors and determined based on its analysis that if defendant could refinance the Michigan property mortgage debt she could hold title to the property, but if she could not, she must sell it. The trial court clarified that portion of its previous ruling respecting the net equity distribution in the event of a sale and ordered that such net equity be equally divided among the parties. After reviewing the trial court's *Sparks* factors analysis, we conclude that the trial court made an appropriate, fair, and equitable decision regarding the distribution of the real property. Although not mathematically equal, under the circumstances of this case and the parties' relative financial positions, we conclude that the trial court made a fair and equitable decision. Given the facts and circumstances of the case, we cannot say that the trial court's ruling respecting the division of marital real property was "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of

will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." *Spalding v Spalding*, 355 Mich 382, 384-385; 94 NW2d 810 (1959). Accordingly, the trial court did not err in this regard.

Defendant next argues that the trial court abused its discretion by awarding defendant spousal support without considering the factors articulated in *Olson v Olson*, 256 Mich App 619, 631; 671 NW2d 64 (2003). We disagree.

In *Loutts*, this Court explained that "a trial court's decision to award spousal support is discretionary and should reflect what is just and reasonable under the circumstances of the case." *Loutts*, 298 Mich App at 30 (quotation marks and citations omitted). "Spousal support does not follow a strict formula." *Id*. This Court directed:

> In deciding whether to award spousal support, the trial court should consider several factors, including
>
>> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity.
>
> The trial court should make specific factual findings regarding the factors that are relevant to the particular case. The primary purpose of spousal support is to balance the parties' incomes and needs so that neither party will be impoverished, and spousal support must be based on what is just and reasonable considering the circumstances of the case. [*Id*. at 31-32 (quotation marks and citations omitted).]

The record in this case indicates that on remand the trial court considered the following factors for determining its spousal support decision: (1) the past relations and conduct of the parties, (2) duration of the marriage, (3) abilities of the parties to work, (4) the source and amount of property awarded, (5) the age of the parties, (6) the ability of the parties to pay spousal support, (7) present situation of the parties, (8) needs of the parties, (9) the health of the parties, (10) prior standard of living of the parties (life status of the parties) and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12), party's fault in causing the divorce, and (13) general principles of equity. For each of these factors, the trial court made specific factual findings based upon evidence in the record. The record supports the trial court's factual findings regarding the spousal support factors. The trial court appropriately considered all of the factors and properly determined that the totality of the evidence supported awarding defendant modifiable monthly spousal support payments for a period of five years, subject to plaintiff's ability to offset the award by demonstrating that he paid identified joint marital debts for which defendant would be held harmless. The trial court, therefore, did not abuse its discretion.

Plaintiff also argues that the trial court erroneously calculated his income for purposes of determining spousal support and child support and erred by not imputing income to defendant. We disagree.

The record indicates that, on remand, the trial court conducted a hearing at which the Friend of Court representative attended and explained that plaintiff's income had been determined by review of his pay stub from his current employment plus the net rent he received from the Rhode Island property based upon information provided by the parties. She advised the trial court that the child support recommendation had been calculated according to the Michigan Child Support Guidelines. In its findings of fact, the trial court determined that plaintiff receives annual income from his employment of approximately $110,000. The trial court also determined that defendant earns approximately minimum wage at her place of employment, and because of her education and absence from the workforce for an extended period, she lacked the ability to earn more. The record reflects that no evidence in the record is contrary to the trial court's findings. Respecting the spousal support determination, as previously stated, the trial court appropriately considered and applied the applicable factors. The trial court cannot be said to have abused its discretion by not imputing income to defendant under the facts and circumstances of this case.

We are not convinced that the trial court clearly erred respecting its factual findings on remand. The record supports the trial court's factual findings and we are not left with a definite and firm conviction that a mistake was made. We also conclude that the trial court's support decisions were fair and equitable under the circumstances of this case.[2]

Plaintiff argues further that the trial court erred by making him responsible for payment of the joint marital debts and also awarding defendant spousal support. On remand, to the extent that its previous ruling could be interpreted as inequitably placing the debt upon plaintiff, the trial court corrected that aspect of its spousal support ruling by directing that plaintiff had the right to setoff against his requirement to pay defendant spousal support any verifiable payment of joint marital debt. To the extent that plaintiff satisfies the joint marital debt by paying it and he can document such satisfaction, his obligation to pay spousal support will be reduced in equal amount. Accordingly, this argument lacks merit.

Plaintiff argues that the trial court erred by not stating specifically how the retirement accounts were to be divided. We disagree.

The record reflects that, on remand, the trial court sought and obtained clarity from the parties regarding the various accounts held by them as to what portion constituted marital property. Having received such clarification, the trial court stated in its findings that, with the exception of $17,000, which was a premarital asset held by plaintiff, the retirement accounts and investment accounts were marital assets to be equally divided and distributed to the parties. The trial court did not clearly err in this regard.

---

[2] Moreover, on remand, the trial court indicated to the parties that the amount of support could be revisited and addressed postjudgment as needed upon proper motion by a party. The trial court did not err in this regard.

Because the trial court made specific factual findings on the record supported by record evidence, and properly considered and applied the applicable factors for its determination of its judgment of divorce and entered a judgment that is just and equitable under the circumstances of this case, we find no reversible error. Accordingly, we affirm the trial court's amended judgment of divorce.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Mark J. Cavanagh
/s/ James Robert Redford