*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RHONDA LYNN BLAISDELL,

       Plaintiff/Counterdefendant-Appellee,

v

DAVID E. BLAISDELL,

       Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
July 18, 2024

No. 365298
Montcalm Circuit Court
LC No. 2022-028921-DO

Before: CAMERON, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

In this divorce action, defendant, David Blaisdell, appeals by right the trial court's judgment of divorce. According to David's calculations, the trial court's property award resulted in him receiving only 36.89 % of the marital estate while plaintiff, Rhonda Blaisdell, received 63.11 % of it. He asserts that, given the disparity in the division of assets (particularly in the division of marital debt), the trial court's award was not "roughly congruent" as required by *Jansen v Jansen*, 205 Mich App 169; 517 NW2d 275 (1994). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

The parties married in 1996. David worked at the Saginaw Chippewa Indian Tribe Casino throughout the marriage. Rhonda received her nursing degree during the marriage and, thereafter, worked as a registered nurse at what is now known as My Michigan Medical Center Alma. The parties have three children, all of whom were adults at the time of the divorce proceedings. Between 2017 and 2018, the parties separated for approximately eight months before attending marriage counseling and reconciling. The counseling was unsuccessful. Rhonda filed for divorce in April 2022. Although the parties reached an agreement on the division of their personal property, they were unable to agree on the division of the remainder of the marital estate, including the division of the substantial debts that had accrued during the marriage.

As a result, a one day trial was held. At the beginning of the hearing, the parties stipulated that David would be awarded the marital home. They then presented testimony on the value of the home, solar panels purchased for the home after their reconciliation in 2018, their respective

-1-

retirement accounts, their vehicles, an off-road vehicle, and their various debt. Additionally, they each presented testimony relating to how the various debts were accumulated and who was responsible for accumulating them. At times, they disagreed upon whether Rhonda had or had not agreed to various expensive purchases, including the solar panels and the off-road vehicle.

Following the trial, the court entered a judgment of divorce awarding the marital home to David, along with the remaining debt for the mortgage and solar panels. He also received the off-road vehicle and the remaining debt associated with it. Rhonda was awarded her vehicle, which was paid off. David was awarded his vehicle and the debt associated with it. The trial court ordered that each party would be responsible for any additional debts in his or her own name. The parties were awarded their respective retirement accounts. However, the trial court ordered Rhonda to transfer $50,000 from one of her retirement accounts to David's retirement account in order to equalize the division of the marital estate. Finally, the court ordered that the parties would be equally responsible for paying back "parent PLUS" loans that Rhonda had taken out in her name alone to pay for the college educations of the parties' three children in the event that the children defaulted.

## II. DIVISION OF MARITAL ESTATE

### A. STANDARD OF REVIEW

David argues that the trial court failed to equitably divide the marital estate because a split of 63.11 % to 36.89 % is not a roughly congruent division, even if he was found to be at fault for accumulating the majority of the marital debt. In a divorce action, a trial court's factual findings are reviewed for clear error. *Sparks v Sparks*, 440 Mich 141, 151; 485 NW2d 893 (1992). "A finding is clearly erroneous if the appellate court is left with a definite and firm conviction that a mistake has been made." *Smith v Smith*, 328 Mich App 279, 286; 936 NW2d 716 (2019) (quotation marks and citation omitted). "If the findings of fact are upheld, the appellate court must decide whether the dispositive ruling was fair and equitable in light of those facts." *Sparks*, 440 Mich at 151-152. "The dispositional ruling is discretionary and should be affirmed unless this Court is left with the firm conviction that the division was inequitable." *Welling v Welling*, 233 Mich App 708, 709; 592 NW2d 822 (1999) (quotation marks and citation omitted).

### B. ANALYSIS

The goal in distributing marital assets in a divorce proceeding is to reach a "fair and equitable" distribution of property in light of all of the circumstances. *Ackerman v Ackerman*, 163 Mich App 796, 807; 414 NW2d 919 (1987). "Such a division need not be equal, it need only be equitable." *Id*. "An equitable distribution of marital assets means that they will be roughly congruent." *Jansen*, 205 Mich App at 171. Thus, "any significant departures from congruence must be explained clearly by the court." *Welling*, 233 Mich App at 710.

David argues that the division of the marital estate in this case was not roughly congruent because he only received 36.89 % of the marital estate.[1] We disagree. David was awarded the marital home and its associated debt, the solar panels and their associated debt, the off-road vehicle and its associated debt, his vehicle and its associated debt. Although the total debt on those assets was not insignificant, the trial court found that David would be free to liquidate the assets that he was awarded in order to pay off the associated debts and receive a "fresh start" free of those debts. It is not inequitable to award the party receiving substantial and valuable marital assets the debts associated therewith.

Moreover, the record reflects that much of the remaining marital debt that was awarded to David was accumulated as a result of David's lengthy history of imprudent spending. One factor that a court may consider when determining how to equitably divide marital property, including debts, is the "contributions of the parties to the marital estate." *Sparks*, 440 Mich at 159-160. The trial court, therefore, properly considered David's substantial contributions to the accumulation of the marital debt. David does not challenge that finding on appeal. Rather, he testified that his poor spending habits "could be perceived as pretty irresponsible" behavior, but that he engaged in it to soothe his anxiety and depression with material objects. He explained that "the only way that [he] could feel good, was to purchase something from time to time, where [he] could have a distraction and be happy, even for a short time." Overall, David accumulated debt making expensive home improvements, including a new driveway, new garage doors, and installing a shed. He painted and redecorated the house, purchased new cookware, and continued spending on his hobbies. Thus, it appears that at least some of the debts that he now complains were inequitably assigned to him were for improvements to the marital home, which he was awarded during the divorce. The court's decision to hold the parties responsible for their own respective debts left David responsible for $37,249 in debt, consisting of a credit card with a balance of $13,369, his PayPal account with a balance of $6,603, his home improvement loan with a balance of $17,159 of debt, and a second credit card with a balance of $118. In turn, Rhonda was left with credit card debt of $16,523. To equalize the division of the debts, Rhonda was ordered to transfer $50,000 from her retirement account to David's retirement account.

Based upon this record, we conclude that the trial court's departure from a roughly congruent division of the assets was not inequitable. David was awarded physical and valuable assets and the debts associated with them. The court found that David's injudicious spending had

---

[1] David argues that no published case in Michigan has upheld a 63.11/36.89 split of marital assets. However, there is no caselaw indicating that any division of assets is per se equitable or inequitable. Rather, the outcome of each individual case depends on the facts of that case. See *Sparks*, 440 Mich at 151-152. Additionally, although David complains that there are no published decisions upholding a division like the one in this case, we note that there are unpublished opinions that have upheld even greater splits, including a 70/30 percent division of the assets. See, e.g., *Jutila v Jutila*, unpublished per curiam opinion of the Court of Appeals, issued November 13, 2008 (Docket No. 282961). Regardless, given that the trial court did not account for the award of personal property, it is not clear that the division of the marital estate in this case actually resulted in a 63.11/36.89 percent split in Rhonda's favor. Rather, the split only reflects the division of the marital assets that the parties were unable to agree upon.

resulted in the accumulation of significant debts during the marriage. That was a factor leading to the breakdown in the marriage. Additionally, although David was awarded $37,249 in debts held in his name alone, it appears that the debts were incurred either on behalf of himself and his hobbies or on improvements to the marital home, which was awarded to him. Moreover, Rhonda was ordered to transfer $50,000 to his retirement account to equalize the debt award. Given this record, we are not left with a firm conviction that the division was inequitable.

Affirmed. Rhonda may tax costs as the prevailing party. MCR 7.219(A).

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Christopher P. Yates